## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Isabel Hernandez,

                               Plaintiff,

                  vs.

Oliphant Financial, LLC and Accelerated Inventory
Management, LLC,

                            Defendants.

------------------------------------------------------------------/

Case No:

**COMPLAINT**

**JURY TRIAL DEMANDED**

    Isabel Hernandez (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Oliphant Financial, LLC and Accelerated Inventory Management, LLC (hereinafter referred to as "*Defendants*"), as follows:

## INTRODUCTION

    1.    This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9) ("FCCPA").

## JURISDICTION AND VENUE

    2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

    3.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

    4.    At all relevant times, Defendants conducted business within the State of Florida.

Barshay Sanders PLLC

## PARTIES

5.     Plaintiff Isabel Hernandez is an individual who is a citizen of the State of New York residing in Kings County, New York.

6.     Plaintiff is a natural person allegedly obligated to pay a debt.

7.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

8.     On information and belief, Defendant Oliphant Financial, LLC, is a Florida Limited Liability Company with a principal place of business in Sarasota County, Florida.

9.     On information and belief, Defendant Accelerated Inventory Management, LLC, is a Texas Limited Liability Company with a principal place of business in Travis County, Texas.

10.     On information and belief, Defendant Oliphant Financial, LLC regularly collects or attempts to collect debts asserted to be owed to others.

11.     On information and belief, Defendant Accelerated Inventory Management, LLC regularly collects or attempts to collect debts asserted to be owed to others.

12.     On information and belief, Defendant Oliphant Financial, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

13.     On information and belief, Defendant Accelerated Inventory Management, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14.     On information and belief, the principal purpose of Defendant Oliphant Financial, LLC's business is the collection of such debts.

15.     On information and belief, the principal purpose of Defendant Accelerated Inventory Management, LLC's business is the collection of such debts.

16.     On information and belief, Defendant Oliphant Financial, LLC uses the mails in its debt collection business.

17.     On information and belief, Defendant Accelerated Inventory Management, LLC uses the mails in its debt collection business.

18.     Defendant Oliphant Financial, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) ) and Fla. Stat. § 559.55(7).

19.     Defendant Accelerated Inventory Management, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) ) and Fla. Stat. § 559.55(7).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

20.     Defendants allege Plaintiff owes a debt ("the alleged Debt").

21.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

22.     The alleged Debt does not arise from any business enterprise of Plaintiff.

23.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) ) and Fla. Stat. § 559.55(7).

24.     At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

25.     At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

26.     In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated December 31, 2019. (**"Exhibit 1."**)

27.     The Letter conveyed information regarding the alleged Debt.

28.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(2).

29.     The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

30.     The Letter was received and read by Plaintiff.

31.     15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

32.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

33.     As set forth in the following Counts, Defendants' communication violated the FDCPA and FCCPA.

34.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)

35.     Plaintiff repeats and realleges the foregoing paragraphs 7, 18, 19, 20, 23, 26, and 28 through 34 as if fully restated herein.

36.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

37.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

38.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

39.     A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

40.     The Letter claims that Plaintiff owes $9,706.72.

41.     Plaintiff did not owe $9,706.72.

42.     Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

43.     Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

44.     For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(1) and are liable to Plaintiff therefor.

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

45.     Plaintiff repeats and realleges the foregoing paragraphs 7, 18, 19, 20, 23, 26, 28 through 34, 40, 41, and 42 as if fully restated herein.

46.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

48.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

49.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

50.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

51.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

52.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

53.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

54.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

55.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

56.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

57.     The Letter alleges that Plaintiff owed $9,706.72.

58.     Plaintiff did not owe $9,706.72.

59.     Plaintiff did not owe any money at all to the entity on whose behalf Defendants

were seeking to collect.

60.     Defendants' allegation that Plaintiff owed $9,706.72, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

61.     Defendants' allegation that Plaintiff owed $9,706.72, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

62.     Defendants' allegation that Plaintiff owed $9,706.72, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

63.     Defendants' allegation that Plaintiff owed $9,706.72, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

64.     Defendants' allegation that Plaintiff owed $9,706.72, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

65.     Defendants' allegation that Plaintiff owed $9,706.72, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

66.     Defendants' allegation that Plaintiff owed $9,706.72, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

67.     Defendants' allegation that Plaintiff owed $9,706.72, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

68.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)(2)

69.     Plaintiff repeats and realleges the foregoing paragraphs 7, 18, 19, 20, 23, 26, 28 through 34, 40, 41, 42, and 57 through 68 as if fully restated herein.

70.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

71.     As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

72.     To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

73.     A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

74.     The Letter claims the name of the creditor to whom the alleged Debt is owed is Accelerated Inventory Management, LLC.

75.     Plaintiff did not owe the alleged Debt to Accelerated Inventory Management, LLC.

76.     Accelerated Inventory Management, LLC never offered to extend credit to Plaintiff.

77.     Accelerated Inventory Management, LLC never extended credit to Plaintiff.

78.     Plaintiff was never involved in any transaction with Accelerated Inventory Management, LLC.

79.     Plaintiff never entered into any contract with Accelerated Inventory Management, LLC.

80.     Plaintiff never did any business with Accelerated Inventory Management, LLC.

81.     Plaintiff was never indebted to Accelerated Inventory Management, LLC.

82.     Accelerated Inventory Management, LLC is a stranger to Plaintiff.

83.     Defendants' statement that Accelerated Inventory Management, LLC is "the name of the creditor to whom the debt is owed," when Accelerated Inventory Management, LLC is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

84.     For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(2) and are

liable to Plaintiff therefor.

### FOURTH COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

85.     Plaintiff repeats and realleges the foregoing paragraphs 7, 18, 19, 20, 23, 26, 28 through 34, 40, 41, 42, 57 through 68, and 74 through 84 as if fully restated herein.

86.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

87.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

88.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

89.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

90.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

91.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

92.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

93.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

94.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

95.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

96.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

97.     The Letter claims that Plaintiff owes a debt to Accelerated Inventory Management, LLC.

98.     Plaintiff did not owe a debt to Accelerated Inventory Management, LLC.

99.     Accelerated Inventory Management, LLC never offered to extend credit to Plaintiff.

100.    Accelerated Inventory Management, LLC never extended credit to Plaintiff.

101.    Plaintiff was never involved in any transaction with Accelerated Inventory Management, LLC.

102.    Plaintiff never entered into any contract with Accelerated Inventory Management, LLC.

103.    Plaintiff never did any business with Accelerated Inventory Management, LLC.

104.    Plaintiff was never indebted to Accelerated Inventory Management, LLC.

105.    Accelerated Inventory Management, LLC is a stranger to Plaintiff.

106.    Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

107.    Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

108.    Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

109.     Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

110.     Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

111.     Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

112.     Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

113.     Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

114.     Defendants' demand that Plaintiff make payment for a debt that she does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

115.     Defendants' request that Plaintiff make payment for a debt that she does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

116.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

**FIFTH COUNT**
**Violation of § 559.72 of the FCCPA**

117.     Plaintiff repeats and realleges the foregoing paragraphs 7, 18, 19, 20, 23, 26, 28 through 34, 40, 41, 42, 57 through 68, 74 through 84, and 97 through 116 as if fully restated herein.

118.    Section 559.72(9) of the FCCPA provides that a debt collector shall not "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

119.    Defendants knew that they did not have a legal right to collect the debt not owed.

120.    Defendants' violated Section 559.72(9) of the FCCPA.

121.    For the foregoing reasons, Defendants violated Section 559.72(9) of the FCCPA and are liable to Plaintiff therefor.

## JURY DEMAND

122.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a.  Finding Defendants' actions violate the FDCPA; and

    b.  Granting damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    c.  Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    d.  Actual damages, statutory damages and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2);

    e.  Granting Plaintiff's costs; all together with

    f.  Such other relief that the Court determines is just and proper.

DATED: April 14, 2020

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118981