UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISABEL HERNANDEZ,

No.: 8:20-cv-00873-WFJ-TGW

  Plaintiff,

v.

OLIPHANT FINANCIAL, LLC, and,
ACCELERATED INVENTORY
MANAGEMENT, LLC,

  Defendants.

_____/

## **DEFENDANTS', OLIPHANT FINANCIAL AND ACCELERATED INVENTORY MANAGEMENT, LLC, ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendants, Oliphant Financial, LLC ("Oliphant") and Accelerated Inventory Management, LLC ("Accelerated") (collectively the "Defendants") in answer to Plaintiff's Complaint ("Complaint"; Doc No. 1), states as follows:

## **INTRODUCTION**

1. The action speaks for itself; as such, no response is required.

## **JURISDICTION &VENUE**

2. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

3. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

4. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

## **PARTIES**

1

5. Denied. Defendants are without sufficient knowledge or information to form a belief as to the truth of this allegation; therefore, Defendants leave the Plaintiff to her proofs at trial.

6. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

7. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

8. Admitted.

9. Denied. Accelerated is a Delaware limited liability company.

10. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

11. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

12. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

13. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

14. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

15. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

16. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

17.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

18.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

19.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

<u>**ALLEGATIONS SPECIFIC TO PLAINTIFF**</u>

20.     Admitted in part. Defendants admit only that they allege that Plaintiff owes an obligation, originally incurred to WebBank and currently due and owing to Accelerated (the "Account"). Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of this allegation; therefore, Defendants leave the Plaintiff to her proofs at trial. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

21.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required. By way of further response, Defendants are without sufficient knowledge or information to form a belief as to the truth of this allegation; therefore, Defendants leave the Plaintiff to her proofs at trial.

22.     Denied. Defendants are without sufficient knowledge or information to form a belief as to the truth of this allegation; therefore, Defendants leave the Plaintiff to her proofs at trial.

23.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required. By way of further response, Defendants are without sufficient knowledge or

information to form a belief as to the truth of this allegation; therefore, Defendants leave the Plaintiff to her proofs at trial.

24. Admitted in part. Defendants admit only that all right, title and interest in the Account has been assigned to Accelerated by the original creditor. Defendants further admit that subsequently, the Account was placed with Oliphant for recovery. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial.

25. Admitted in part. Defendants admit only that when the Account was assigned to Accelerated by the original creditor it was in default. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial.

26. Admitted in part. Defendants admit only that on or about December 31, 2019 a letter was sent to the Plaintiff regarding the Account. Due to the quality of the copy and redactions contained in **Exhibit 1** to the Complaint, Defendants are without sufficient knowledge or information to form a belief as to whether this is the same letter Defendants admit was sent; therefore Defendants leave the Plaintiff to her proofs at trial. By way of further response, **Exhibit 1** to the Complaint is a document the contents of which speak for itself. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

27. **Exhibit 1** to the Complaint is a document the contents of which speak for itself. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

28. **Exhibit 1** to the Complaint is a document the contents of which speak for itself. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

29.     Admitted in part. Defendants admit only that the letter which they admit was sent on or about December 31, 2019 to the Plaintiff regarding the Account was the first written communication between Defendants and Plaintiff. Due to the quality of the copy and redactions contained in **Exhibit 1** to the Complaint, Defendants are without sufficient knowledge or information to form a belief as to whether this is the same letter Defendants admit was sent; therefore Defendants leave the Plaintiff to her proofs at trial. By way of further response, **Exhibit 1** to the Complaint is a document the contents of which speak for itself. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

30.     Denied. Defendants are without sufficient knowledge or information to form a belief as to the truth of this allegation; therefore, Defendants leave the Plaintiff to her proofs at trial.

31.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

32.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

33.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

34.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)

35.     Defendants repeat each and every response to the preceding paragraphs as if set forth more fully herein.

36. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

37. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

38. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

39. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

40. **Exhibit 1** to the Complaint is a document the contents of which speak for itself.

41. Denied. Defendants leave the Plaintiff to her proofs at trial.

42. Denied. Defendants leave the Plaintiff to her proofs at trial.

43. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

44. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

**SECOND COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

45. Defendants repeat each and every response to the preceding paragraphs as if set forth more fully herein.

46. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

47. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

48.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

49.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

50.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

51.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

52.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

53.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

54.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

55.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

56.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

57.     **<u>Exhibit 1</u>** to the Complaint is a document the contents of which speak for itself.

58.     Denied. Defendants leave the Plaintiff to her proofs at trial.

59.     Denied. Defendants leave the Plaintiff to her proofs at trial.

60.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

61. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

62. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

63. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

64. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

65. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

66. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

67. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

68. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

### THIRD COUNT
### Violations of 15 U.S.C. § 1692g(a)(2)

69. Defendants repeat each and every response to the preceding paragraphs as if set forth more fully herein.

70. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

71. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

72.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

73.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

74.     **Exhibit 1** to the Complaint is a document the contents of which speak for itself.

75.     Denied. Defendants leave the Plaintiff to her proofs at trial.

76.     Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated.

77.     Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated.

78.     Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated.

79.     Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated.

80.     Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated.

81.     Denied. Defendants leave the Plaintiff to her proofs at trial.

82. Denied. Defendants are without sufficient knowledge or information to form a belief as to the truth of this allegation; therefore, Defendants leave the Plaintiff to her proofs at trial.

83. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

84. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

### FOURTH COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

85. Defendants repeat each and every response to the preceding paragraphs as if set forth more fully herein.

86. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

87. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

88. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

89. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

90. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

91. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

92. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

93. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

94. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

95. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

96. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

97. **<u>Exhibit 1</u>** to the Complaint is a document the contents of which speak for itself.

98. Denied. Defendants leave the Plaintiff to her proofs at trial.

99. Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated.

100. Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated.

101. Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated.

102. Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated.

103. Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated.

104. Denied. Defendants leave the Plaintiff to her proofs at trial.

105. Denied. Defendants are without sufficient knowledge or information to form a belief as to the truth of this allegation; therefore, Defendants leave the Plaintiff to her proofs at trial.

106. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

107. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

108. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

109. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

110. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

111. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

112. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

113. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

114. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

115. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

116. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

## FIFTH COUNT
### Violation of § 559.72 of the FCCPA

117. Defendants repeat each and every response to the preceding paragraphs as if set forth more fully herein.

118. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

119. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

120. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

121. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

## JURY DEMAND

122. This paragraph requires no response.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendants request that this Honorable Court award judgment in favor of Oliphant Financial, LLC and Accelerated Inventory Management, LLC, and against Plaintiff, together with costs, attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3), Fla. Stat. § 559.77(2) and such other relief as this Honorable Court deems appropriate.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff has suffered no actual damages as a result of Defendants' alleged conduct.

THIRD AFFIRMATIVE DEFENSE

If discovery reveals that any debt identified in Plaintiff's Complaint is subject to an agreement requiring the parties to submit any dispute between them to arbitration, then there is no subject matter jurisdiction over Plaintiff's Complaint or, in the alternative, Defendants reserve the right to compel Plaintiff to submit this dispute to arbitration pursuant to any such agreement and/or equitable estoppel principles.

FOURTH AFFIRMATIVE DEFENSE

If discovery reveals that any alleged debt identified in Plaintiff's Complaint is subject to an agreement requiring the account holder to waive the right to bring any claim or dispute as a class action and/or to participate in a class action then there is no subject matter jurisdiction over plaintiff's complaint.

FIFTH AFFIRMATIVE DEFENSE

14

If a violation of the Fair Debt Collection Practices Act is determined to have occurred, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably calculated to avoid such error.

## SIXTH AFFIRMATIVE DEFENSE

Any damage to Plaintiff, which Defendants deny, is due to the acts or omissions of Plaintiff and/or third parties and Defendants are not liable for said acts, omissions or alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has pursued this action in an improper venue.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred by the doctrines of waiver, payment, estoppel, res judicata, release, accord and satisfaction, and unclean hands.

## NINTH AFFIRMATIVE DEFENSE

If a violation of the Fair Debt Collection Practices Act or the Florida Consumer Collection Practices Act is determined to have occurred, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably calculated to avoid such error.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to pursue the instant claims.

Dated: June 26, 2020

Respectfully submitted,

**OLIPHANT FINANCIAL, LLC and ACCELERATED INVENTORY MANAGEMENT, LLC**

By: /s/ Christopher P. Hahn
Christopher P. Hahn, Esq.
MAURICE WUTSCHER LLP
Florida Bar No. 87577
110 E. Broward Blvd., Suite 1700
Fort Lauderdale, FL 33301
Direct: (772) 237-3410
Fax: (866) 581-9302
E-mail: chahn@MauriceWutscher.com
litigation@MauriceWutscher.com

**Certificate of Service**

The undersigned hereby certifies that, on this **26th day of June, 2020**, a true and correct copy of the foregoing document and any related exhibits was served via CM/ECF on all interested parties.

/s/Christopher P. Hahn