Barshay Sanders PLLC

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Isabel Hernandez,

Plaintiff,

vs.

Oliphant Financial, LLC and Accelerated Inventory Management, LLC,

Defendants.

-------------------------------------------------------------------/

Case No: 8:20-00873-WFJ-TGW

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Isabel Hernandez (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Oliphant Financial, LLC ("*Oliphant*") and Accelerated Inventory Management, LLC ("*Accelerated*") (collectively "*Defendants*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9) ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of Florida.

**PARTIES**

5. Plaintiff Isabel Hernandez is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

8. On information and belief, Defendant Oliphant Financial, LLC, is a Florida Limited Liability Company with a principal place of business in Sarasota County, Florida.

9. On information and belief, Defendant Accelerated Inventory Management, LLC, is a Texas Limited Liability Company with a principal place of business in Travis County, Texas.

10.

**ALLEGATIONS SPECIFIC TO PLAINTIFF**

11. On information and belief, Defendant Oliphant Financial, LLC regularly collects or attempts to collect debts asserted to be owed to others.

12. On information and belief, Defendant Oliphant Financial, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

13. On information and belief, the principal purpose of Defendant Oliphant Financial, LLC's business is the collection of such debts.

14. On information and belief, Defendant Oliphant Financial, LLC uses the mails in its debt collection business.



Barshay Sanders PLLC

15. Defendant Oliphant Financial, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) ) and Fla. Stat. § 559.55(7).

16. On information Defendant Accelerated Inventory Management, LLC is in the business of purchasing consumer debts which are in default and collecting on same.

17. The principal purpose of Defendant Accelerated Inventory Management, LLC's business is the collection of such debts.

18. Defendant Accelerated Inventory Management, LLC is not the original creditor of any loan to Plaintiff.

19. On information and belief, based upon the representation contained in the collection letter more fully described *infra.*, the original creditor for the loan at issue was "Webbank."

20. On information and belief, Defendant Accelerated Inventory Management, LLC hired Defendant Oliphant Financial, LLC to collect the alleged debt.

21. On information and belief, Defendant Accelerated Inventory Management, LLC uses the mails in its debt collection business.

22. Defendant Accelerated Inventory Management, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) ) and Fla. Stat. § 559.55(7).

23. Defendant Accelerated Inventory Management, LLC is liable for its own actions, as well as for the actions of its agent, Defendant Oliphant Financial, LLC.

24. Defendants allege Plaintiff owes a debt (the "alleged Debt").

25. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

26. The alleged Debt does not arise from any business enterprise of Plaintiff.

Barshay Sanders PLLC

27. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) ) and Fla. Stat. § 559.55(7).

28. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

29. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

30. In their efforts to collect the alleged Debt, Defendants contacted Plaintiff by calls to Plaintiff's telephone.

31. In their efforts to collect the debt, Defendants contacted Plaintiff by letter, including the letter dated December 31, 2019 (the "Letter"). *A copy of the Letter is annexed hereto as Exhibit 1.*

32. The Letter conveyed information regarding the alleged Debt.

33. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(2).

34. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

35. The Letter was received and read by Plaintiff.

36. In addition to sending the Letter, Defendants contacted Plaintiff by telephone on numerous occasions.

37. The telephone calls are "communications" as defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(2)

38. At times, Defendants contacted Plaintiff by telephone several times a day.

Barshay Sanders PLLC

39. Plaintiff felt harassed by Defendants' repeated and incessant efforts to reach her by telephone.

40. Plaintiff did not wish to speak to Defendants, insofar as she feared that they would try to extract personal information from her.

41. Plaintiff did not wish to speak to Defendants, insofar as she feared that they would try to coerce her into paying a debt that Plaintiff believed she did not owe.

42. Defendants' actions in repeatedly calling her multiple times a day caused Plaintiff apprehension.

43. Defendants' actions in repeatedly calling her multiple times a day caused Plaintiff to be anxiousDefendants' actions in repeatedly calling her multiple times a day caused Plaintiff caused her to be apprehensive any time she heard her phone ring.

44. Defendants' actions in repeatedly calling her multiple times a day caused Plaintiff to not want to answer her phone.

45. Defendants' actions in repeatedly calling her multiple times a day caused Plaintiff caused her to suffer anguish.

46. Defendants' actions in repeatedly calling her multiple times a day caused Plaintiff to seek medical treatment.

47. Defendants' actions in repeatedly calling her multiple times a day caused Plaintiff to seek legal representation.

48. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.



Barshay Sanders PLLC

49. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

50. As set forth in the following Counts, Defendants' communications violated the FDCPA and FCCPA.

51. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g(a)(1)**

52. Plaintiff repeats and realleges the foregoing paragraphs 7, 15, 22, 24, 27, 30, 31, and 33 through 37 and 51 as if fully restated herein.

53. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

54. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

55. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

56. A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

57. The Letter claims that Plaintiff owes $9,706.72.

58. Plaintiff did not owe $9,706.72.

59. Plaintiff did not owe any money at all to the entity on whose behalf Defendants



Barshay Sanders PLLC

were seeking to collect.

60. Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

61. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(1) and are liable to Plaintiff therefor.

**SECOND COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

62. Plaintiff repeats and realleges the foregoing paragraphs 7, 15, 22, 24, 27, 30, 31, and 33 through 37 and 51, 57, 58, and 59 as if fully restated herein.

63. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

64. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

65. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

66. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

67. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

Barshay Sanders PLLC

68. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

69. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

70. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

71. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

72. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

73. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

74. The Letter alleges that Plaintiff owed $9,706.72.

75. Plaintiff did not owe $9,706.72.

76. Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

77. Defendants' allegation that Plaintiff owed $9,706.72, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false

Barshay Sanders PLLC

Barshay | Sanders PLLC

representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

78. Defendants' allegation that Plaintiff owed $9,706.72, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

79. Defendants' allegation that Plaintiff owed $9,706.72, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

80. Defendants' allegation that Plaintiff owed $9,706.72, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

81. Defendants' allegation that Plaintiff owed $9,706.72, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

82. Defendants' allegation that Plaintiff owed $9,706.72, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

83. Defendants' allegation that Plaintiff owed $9,706.72, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

84. Defendants' allegation that Plaintiff owed $9,706.72, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

85. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692g(a)(2)**

86. Plaintiff repeats and realleges the foregoing paragraphs 7, 15, 22, 24, 27, 30, 31, and 33 through 37, 51, 57, 58, and 59, and 74 through 85 as if fully restated herein.

87. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

88. As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

89. To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

90. A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

91. The Letter claims the name of the creditor to whom the alleged Debt is owed is Accelerated Inventory Management, LLC.

92. Plaintiff did not owe the alleged Debt to Accelerated Inventory Management, LLC.

93. Accelerated Inventory Management, LLC never offered to extend credit to Plaintiff.



Barshay Sanders PLLC

94. Accelerated Inventory Management, LLC never extended credit to Plaintiff.

95. Plaintiff was never involved in any transaction with Accelerated Inventory Management, LLC.

96. Plaintiff never entered into any contract with Accelerated Inventory Management, LLC.

97. Plaintiff never did any business with Accelerated Inventory Management, LLC.

98. Plaintiff was never indebted to Accelerated Inventory Management, LLC.

99. Accelerated Inventory Management, LLC is a stranger to Plaintiff.

100. Defendants' statement that Accelerated Inventory Management, LLC is "the name of the creditor to whom the debt is owed," when Accelerated Inventory Management, LLC is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

101. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(2) and are liable to Plaintiff therefor.

Barshay Sanders PLLC

**FOURTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

102. Plaintiff repeats and realleges the foregoing paragraphs 7, 15, 22, 24, 27, 30, 31, and 33 through 37, 51, 57, 58, 59, and 74 through 85, and 91 through 101 as if fully restated herein.

103. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

104. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

105. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

106. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

107. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

108. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

109. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

110. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

111. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

112. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

Barshay Sanders PLLC

113. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

114. The Letter claims that Plaintiff owes a debt to Accelerated Inventory Management, LLC.

115. Plaintiff did not owe a debt to Accelerated Inventory Management, LLC.

116. Accelerated Inventory Management, LLC never offered to extend credit to Plaintiff.

117. Accelerated Inventory Management, LLC never extended credit to Plaintiff.

118. Plaintiff was never involved in any transaction with Accelerated Inventory Management, LLC.

119. Plaintiff never entered into any contract with Accelerated Inventory Management, LLC.

120. Plaintiff never did any business with Accelerated Inventory Management, LLC.

121. Plaintiff was never indebted to Accelerated Inventory Management, LLC.

122. Accelerated Inventory Management, LLC is a stranger to Plaintiff.

123. Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

124. Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a deceptive representation made by Defendants in connection with Defendants' collection of the

Barshay Sanders PLLC

alleged Debt, in violation of 15 U.S.C. § 1692e.

125. Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

126. Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

127. Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

128. Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

129. Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

Barshay Sanders PLLC

130. Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

131. Defendants' demand that Plaintiff make payment for a debt that she does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

132. Defendants' request that Plaintiff make payment for a debt that she does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

133. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

Barshay Sanders PLLC

**FIFTH COUNT**
**Violation of § 559.72 of the FCCPA**

134. Plaintiff repeats and realleges the foregoing paragraphs 7, 15, 22, 24, 27, 30, 31, and 33 through 37, 51, 57, 58, 59, 74 through 85, and 91 through 101, and 114 through 133 as if fully restated herein.

135. Section 559.72(9) of the FCCPA provides that a debt collector shall not “Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.”

136. Defendants knew that they did not have a legal right to collect the debt not owed.

137. Defendants’ violated Section 559.72(9) of the FCCPA.

138. For the foregoing reasons, Defendants violated Section 559.72(9) of the FCCPA and are liable to Plaintiff therefor.

Barshay Sanders PLLC

**JURY DEMAND**

139. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

a. Finding Defendants' actions violate the FDCPA; and

b. Granting damages against Defendants pursuant to 15 U.S.C. § 1692k; and

c. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d. Actual damages, statutory damages and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2);

e. Granting Plaintiff's costs; all together with

f. Such other relief that the Court determines is just and proper.

DATED: February 12, 2021

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118981