UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISABEL HERNANDEZ,                                      No.: 8:20-cv-00873-WFJ-TGW

        Plaintiff,

v.

OLIPHANT FINANCIAL, LLC, and,
ACCELERATED INVENTORY
MANAGEMENT, LLC,

        Defendants.

_____/

**DEFENDANTS, OLIPHANT FINANCIAL AND
ACCELERATED INVENTORY MANAGEMENT, LLC's, ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, Oliphant Financial, LLC ("Oliphant") and Accelerated Inventory Management, LLC ("Accelerated") (collectively the "Defendants") in answer to Plaintiff's First Amended Complaint ("Complaint"; Doc No. 26), states as follows:

**INTRODUCTION**

1.      The action speaks for itself; as such, no response is required.

**JURISDICTION &VENUE**

2.      Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

3.      Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

4.      Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

1

**PARTIES**

5.     Denied. Defendants are without sufficient knowledge or information to form a belief as to the truth of this allegation; therefore, Defendants leave the Plaintiff to her proofs at trial.

6.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

7.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

8.     Admitted.

9.     Denied. Accelerated is a Delaware limited liability company.

10[1].

**ALLEGATIONS SPECIFIC TO PLAINTIFF**

11.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

12.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

13.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

14.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

---

[1] While paragraph 10 appears in the Plaintiff's First Amended Complaint, there is no allegation made.

2

15. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

16. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

17. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

18. Admitted.

19. Admitted.

20. Admitted in part. Defendants admit only that Plaintiff owes a financial obligation to Accelerated originally incurred to WebBank (the "Account") and that Accelerated placed the Account with Oliphant for recovery. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

21. Denied. The Defendants deny that Accelerated engages in any debt collection business.

22. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

23. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

24. Admitted in part. Defendants admit only that they allege that Plaintiff owes the Account to Accelerated. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

25.     Denied. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of this allegation; therefore, this allegation is denied and Defendants leave the Plaintiff to her proofs at trial. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

26.     Denied. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of this allegation; therefore, this allegation is denied and Defendants leave the Plaintiff to her proofs at trial. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

27.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

28.     Admitted in part. Defendants admit only that all right, title and interest in the Account has been assigned to Accelerated by the original creditor. Defendants further admit that subsequently, the Account was placed with Oliphant for recovery. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

29.     Admitted in part. Defendants admit only that when the Account was assigned to Accelerated by the original creditor it was in default. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

30.     Denied. Defendants deny that any telephone calls were placed to the Plaintiff. Rather Defendants maintain that this allegation has been brought in bad faith pursuant to 15 U.S.C. § 1692k(a)(3).

31.     Admitted in part. Defendants admit only that on or about December 31, 2019 a letter was sent to the Plaintiff regarding the Account. Due to the quality of the copy and redactions contained in *Exhibit 1* to the Complaint, Defendants are without sufficient knowledge or information to form a belief as to whether this is the same letter Defendants admit was sent. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial. By way of further response, *Exhibit 1* to the Complaint is a document the contents of which speak for itself. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

32.     *Exhibit 1* to the Complaint is a document the contents of which speak for itself. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

33.     *Exhibit 1* to the Complaint is a document the contents of which speak for itself. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

34.     Admitted in part. Defendants admit only that the letter which they admit was sent on or about December 31, 2019 to the Plaintiff regarding the Account was the first written communication between Defendants and Plaintiff. Due to the quality of the copy and redactions contained in *Exhibit 1* to the Complaint, Defendants are without sufficient knowledge or information to form a belief as to whether this is the same letter Defendants admit was sent. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial. By way of further response, *Exhibit 1* to the Complaint is a document the contents of which speak for itself. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

35.    Denied. Defendants are without sufficient knowledge or information to form a belief as to the truth of this allegation; therefore, Defendants leave the Plaintiff to her proofs at trial.

36.    Denied. Defendants deny that any telephone calls were placed to the Plaintiff. Rather Defendants maintain that this allegation has been brought in bad faith pursuant to 15 U.S.C. § 1692k(a)(3).

37.    Denied. Defendants deny that any telephone calls were placed to the Plaintiff. Rather Defendants maintain that this allegation has been brought in bad faith pursuant to 15 U.S.C. § 1692k(a)(3).

38.    Denied. Defendants deny that any telephone calls were placed to the Plaintiff. Rather Defendants maintain that this allegation has been brought in bad faith pursuant to 15 U.S.C. § 1692k(a)(3).

39.    Denied. Defendants deny that any telephone calls were placed to the Plaintiff. Rather Defendants maintain that this allegation has been brought in bad faith pursuant to 15 U.S.C. § 1692k(a)(3).

40.    Denied. Defendants deny that any telephone calls were placed to the Plaintiff. Rather Defendants maintain that this allegation has been brought in bad faith pursuant to 15 U.S.C. § 1692k(a)(3).

41.    Denied. Defendants deny that any telephone calls were placed to the Plaintiff. Rather Defendants maintain that this allegation has been brought in bad faith pursuant to 15 U.S.C. § 1692k(a)(3).

42. Denied. Defendants deny that any telephone calls were placed to the Plaintiff. Rather Defendants maintain that this allegation has been brought in bad faith pursuant to 15 U.S.C. § 1692k(a)(3).

43. Denied. Defendants deny that any telephone calls were placed to the Plaintiff. Rather Defendants maintain that this allegation has been brought in bad faith pursuant to 15 U.S.C. § 1692k(a)(3).

44. Denied. Defendants deny that any telephone calls were placed to the Plaintiff. Rather Defendants maintain that this allegation has been brought in bad faith pursuant to 15 U.S.C. § 1692k(a)(3).

45. Denied. Defendants deny that any telephone calls were placed to the Plaintiff. Rather Defendants maintain that this allegation has been brought in bad faith pursuant to 15 U.S.C. § 1692k(a)(3).

46. Denied. Defendants deny that any telephone calls were placed to the Plaintiff. Rather Defendants maintain that this allegation has been brought in bad faith pursuant to 15 U.S.C. § 1692k(a)(3).

47. Denied. Defendants deny that any telephone calls were placed to the Plaintiff. Rather Defendants maintain that this allegation has been brought in bad faith pursuant to 15 U.S.C. § 1692k(a)(3).

48. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

49. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

50.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

51.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

## FIRST COUNT
### Alleged Violation of 15 U.S.C. § 1692g(a)(1)

52.     Defendants repeat each and every response to the preceding paragraphs as if set forth more fully herein.

53.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

54.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

55.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

56.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

57.     *Exhibit 1* to the Complaint is a document the contents of which speak for itself.

58.     Denied. Defendants leave the Plaintiff to her proofs at trial.

59.     Denied. Defendants leave the Plaintiff to her proofs at trial.

60.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

61.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

8

**SECOND COUNT**
**Alleged Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

62. Defendants repeat each and every response to the preceding paragraphs as if set forth more fully herein.

63. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

64. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

65. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

66. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

67. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

68. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

69. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

70. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

71. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

72. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

9

73.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

74.    *Exhibit 1* to the Complaint is a document the contents of which speak for itself.

75.    Denied. Defendants leave the Plaintiff to her proofs at trial.

76.    Denied. Defendants leave the Plaintiff to her proofs at trial.

77.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

78.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

79.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

80.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

81.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

82.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

83.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

84.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

85.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

## THIRD COUNT
### Alleged Violation(s) of 15 U.S.C. § 1692g(a)(2)

86.    Defendants repeat each and every response to the preceding paragraphs as if set forth more fully herein.

87.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

88.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

89.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

90.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

91.    *Exhibit 1* to the Complaint is a document the contents of which speak for itself. By way of further response, the allegations of this paragraph contain conclusions of law to which no response is required.

92.    Denied. Defendants leave the Plaintiff to her proofs at trial. By way of further response, the allegations of this paragraph contain conclusions of law to which no response is required.

93.    Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial.

11

94.     Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial.

95.     Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial.

96.     Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial.

97.     Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial.

98.     Denied. Defendants leave the Plaintiff to her proofs at trial.

99.    Denied. Defendants are without sufficient knowledge or information to form a belief as to the truth of this allegation; therefore, Defendants leave the Plaintiff to her proofs at trial.

100.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

101.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

## FOURTH COUNT
### Alleged Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

102.    Defendants repeat each and every response to the preceding paragraphs as if set forth more fully herein.

103.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

104.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

105.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

106.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

107.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

108.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

13

109.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

110.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

111.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

112.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

113.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

114.    *Exhibit 1* to the Complaint is a document the contents of which speak for itself. By way of further response, the allegations of this paragraph contain conclusions of law to which no response is required.

115.    Denied. Defendants leave the Plaintiff to her proofs at trial. By way of further response, the allegations of this paragraph contain conclusions of law to which no response is required.

116.    Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial.

117.    Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to

Accelerated by the original creditor and the Account is now currently owed to Accelerated. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial.

118.    Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial.

119.    Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial.

120.    Admitted in part. Defendants admit that while Plaintiff did not initially enter into any credit agreement with Accelerated, all right, title and interest in the Account was assigned to Accelerated by the original creditor and the Account is now currently owed to Accelerated. Defendants deny any allegations inconsistent with their response and leave the Plaintiff to her proofs at trial.

121.    Denied. Defendants leave the Plaintiff to her proofs at trial.

122.    Denied. Defendants are without sufficient knowledge or information to form a belief as to the truth of this allegation; therefore, Defendants leave the Plaintiff to her proofs at trial.

123.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

124.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

125.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

126.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

127.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

128.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

129.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

130.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

131.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

132.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

133.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

## FIFTH COUNT
### Alleged Violation of § 559.72 of the FCCPA

134.    Defendants repeat each and every response to the preceding paragraphs as if set forth more fully herein.

135.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

136.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

137.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

138.    Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

## JURY DEMAND

139.    This paragraph requires no response.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants request that this Honorable Court award judgment in favor of Oliphant Financial, LLC and Accelerated Inventory Management, LLC, and against Plaintiff, together with costs, attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3), Fla. Stat. § 559.77(2) and such other relief as this Honorable Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has suffered no actual damages as a result of Defendants' alleged conduct.

17

THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is subject to an agreement requiring the parties to submit any dispute between them to arbitration, then there is no subject matter jurisdiction over Plaintiff's Complaint, or, in the alternative, Defendants reserve the right to compel Plaintiff to submit this dispute to arbitration pursuant to any such agreement and/or equitable estoppel principles. Specifically, Plaintiff's loan agreement which governs the Account contains the following statements:

"Any dispute with us, Lending Club or any subsequent holder of the Loan Agreement and Promissory Note will be resolved by binding arbitration subject to your right to opt out as set forth below."

"a. Either party to this Agreement, or any subsequent holder, may, at its sole election, require that the sole and exclusive forum and remedy for resolution of a Claim be final and binding arbitration pursuant to this section 21 (the "Arbitration Provision"), unless you opt out as provided in section 21(b) below. As used in this Arbitration Provision, "Claim" shall include any past, present, or future claim, dispute, or controversy involving you (or persons claiming through or connected with you), on the one hand, and us and/or any subsequent holder (or persons claiming through or connected with us and/or the subsequent holders), on the other hand, relating to or arising out of this Agreement, any Loan Agreement and Promissory Note(s), the Site, and/or the activities or relationships that involve, lead to, or result from any of the foregoing, including (except to the extent provided otherwise in the last sentence of section 21(f) below) the validity or enforceability of this Arbitration Provision, any part thereof, or the entire Agreement. Claims are subject to arbitration regardless of whether they arise from contract; tort (intentional or otherwise); a constitution, statute, common law, or principles of equity; or otherwise. Claims include matters

18

arising as initial claims, counterclaims, cross-claims, third-party claims, or otherwise. The scope of this Arbitration Provision is to be given the broadest possible interpretation that is enforceable."

"f.   We agree not to invoke our right to arbitrate an individual Claim you may bring in Small Claims Court or an equivalent court, if any, so long as the Claim is pending only in that court.   NO ARBITRATION SHALL PROCEED ON A CLASS, REPRESENTATIVE, OR COLLECTIVE BASIS (INCLUDING AS PRIVATE ATTORNEY GENERAL ON BEHALF OF OTHERS), EVEN IF THE CLAIM OR CLAIMS THAT ARE THE SUBJECT OF THE ARBITRATION HAD PREVIOUSLY BEEN ASSERTED (OR COULD HAVE BEEN ASSERTED) IN A COURT AS CLASS REPRESENTATIVE, OR COLLECTIVE ACTIONS IN A COURT. Unless consented to in writing by all parties to the arbitration, no party to the arbitration may join, consolidate or otherwise bring claims for or on behalf of two or more individuals or unrelated corporate entities in the same arbitration unless those persons are parties to a single transaction. . ."

Upon information and belief, based on the foregoing statements, Plaintiff's claims are subject to a binding arbitration agreement that deprives this Court of jurisdiction and compels arbitration of her claims.

FOURTH AFFIRMATIVE DEFENSE

If a violation of the Fair Debt Collection Practices Act or the Florida Consumer Collection Practices Act is determined to have occurred, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably calculated to avoid such error.

19

FIFTH AFFIRMATIVE DEFENSE

Any damage to Plaintiff, which Defendants deny, is due to the acts or omissions of Plaintiff and/or third parties and Defendants are not liable for said acts, omissions or alleged damages.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff has pursued this action in an improper and inconvenient venue.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred by the doctrines of waiver, payment, estoppel, res judicata, release, accord and satisfaction, and unclean hands.

EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to pursue the instant claims.

NINTH AFFIRMATIVE DEFENSE

Since Plaintiff has not suffered any damages, her recovery (to the extent she is entitled to such recovery which Defendants deny) is limited to statutory damages only and is capped at $1000 per action for the FDCPA and $1000 for the FCCPA.

TENTH AFFIRMATIVE DEFENSE

An award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003) and *BMW of N. Am. v. Gore*, 517 U.S 559, 116 S. Ct. 134 L. Ed. 2d 809 (1996).

ELEVENTH AFFIRMATIVE DEFENSE

An allegedly false or misleading statement is not actionable under the FDCPA unless it is material. *Jensen v. Pressler*, 791 F.3d 413 (2015). Without waiving any of the foregoing denials,

20

Defendants assert that Plaintiff's Complaint identifies no materially false or misleading statements, and thus her claims under 15 U.S.C. §§ 1692e fail.

## TWELTH AFFIRMATIVE DEFENSE

Defendant, Accelerated Inventory Management, LLC, asserts the defense of set-off. Plaintiff remains indebted to Accelerated Inventory Management, LLC as described in her Complaint. That account balance should be set off against any recovery that Plaintiff might obtain in this action. Where two opposing claims arise out of separate transactions between the same parties, "setoff" is the equitable right of one party to offset his debt by the amount of its claim against the other party. "The right of setoff (also called offset) allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18, 116 S.Ct. 286, 289 (1995), *quoting Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913).

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to pursue the instant claims. The alleged claims should belong to the bankruptcy estate in Bankruptcy Case No. 1-19-47809-cec, filed in the United States Bankruptcy Court for the Eastern District of New York, as they were not properly listed in the bankruptcy schedules filed therein. because the claims were never properly scheduled pursuant to § 521 they could never have been abandoned by the trustee as a matter of law.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff did sufficiently disclose her instant claims in Bankruptcy Case No. 1-19-47809-cec, filed in the United States Bankruptcy Court for the Eastern District of New York, she identified the value of her claim as not exceeding $1,000.00 therein. As such, plaintiff is estopped from alleging that her damages, including attorneys' fees, exceed $1,000.00.

21

Dated: March 1, 2021                      Respectfully submitted,

                                              **ACCELERATED INVENTORY**
                                              **MANAGEMENT, LLC and**
                                              **OLIPHANT FINANCIAL, LLC,**

By:    /s/ Christopher P. Hahn
          Christopher P. Hahn, Esq.
          MAURICE WUTSCHER LLP
          Florida Bar No. 87577
          2255 Glades Road, Suite 324A
          Boca Raton, FL 33431
          Direct: (772) 237-3410
          Fax: (866) 581-9302
          chahn@MauriceWutscher.com
          litigation@MauriceWutscher.com

### Certificate of Service

The undersigned hereby certifies that on this **1ˢᵗ day of March, 2021**, a true and correct copy of the foregoing document and any related exhibits was served via CM/ECF on all interested parties.


                                                /s/ Christopher P. Hahn