UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISABEL HERNANDEZ,                                              No.: 8:20-cv-00873-WFJ-TGW

      Plaintiff,

v.

OLIPHANT FINANCIAL, LLC, and,
ACCELERATED INVENTORY
MANAGEMENT, LLC,

      Defendants.

_____/

### PARTIES' JOINT MOTION TO EXTEND PRE-TRIAL DEADLINES

Plaintiff, Isabel Hernandez and Defendants, Oliphant Financial, LLC and Accelerated Inventory Management, LLC (collectively, the "Parties") by and through their respective counsel file this Joint Motion to Extend Pre-Trial Deadlines ("Joint Motion") and, in support of their Motion, state as follows:

### BACKGROUND

This is an action for damages for alleged violations of various consumer protection statutes under federal and state law.  Plaintiff initiated this action by filing the initial Complaint on April 15, 2020  [D.E. 1].   Pursuant to this Court's February 14, 2021 Order granting Plaintiff's Unopposed Motion to Amend Complaint [D.E. 23], on February 15, 2021, Plaintiff filed her First Amended Complaint [D.E. 26] raising new allegations against Defendants, Oliphant Financial, LLC and Accelerated Inventory Management, LLC's ("Defendants").  Defendants' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint was filed on March 1, 2021 [D.E. 29].

Pursuant to this Court's Case Management and Scheduling Order [D.E. 17] ("Scheduling

Order"), the Parties have coordinated mediation to be held with the selected mediator, Betsy Singer, on March 12, 2021 in accordance with this Court's deadline.

The deadline to complete discovery is currently March 12, 2021. [D.E. 17]. The deadline for dispositive motions is currently April 9, 2021. *Id.*

The Parties are diligently attempting to complete discovery, but because Plaintiff's First Amended Complaint was only filed on February 15, 2021—less than thirty (30) days before the current March 12, 2021 discovery cut-off—the Parties require additional time to do so and to ensure the completion of the same.

This is the Parties' first request for extension of pre-trial deadlines and, if granted, should not disrupt the trial term, currently set for this Court's term commencing September 7, 2021 [D.E. 17].

For the foregoing reasons, the Parties request that the Court grant the relief requested in this Motion.

**MEMORANDUM OF LAW**

District courts are required to issue a scheduling order that limits the time to completed discovery and file motions. Fed. R. Civ. P. 16 (b)(3)(A). Modification of the scheduling order including the extension of deadlines requires a showing of good cause and must be done with the consent of the judge. *Sosa v. Airprint Sys.*, 133 F.3d 1417 (11th Cir. Fla. 1998). Good cause to extend time to complete discovery has been found where there was difficulty scheduling depositions. *United States ex. Rel. Founds IIII, LLC v. Peter R. Brown Contsr.*, 2013 U.S. Dist. LEXIS 134395 (M.D. Fla. Sept. 19, 2013). Moreover, the Parties' good faith agreement to discuss the possibility of resolution at a continued mediation upon completion of discovery demonstrates additional good cause to modify this Court's Scheduling Order.

The current deadline to complete discovery is March 12, 2021 [D.E. 17].  The parties require additional time to complete discovery based on the Plaintiffs' filing of the First Amended Complaint on February 15, 2021 [D.E. 26].

For the foregoing reasons, the Parties respectfully request that the court extend the deadlines as follows:

| Scheduled Event | Current Deadline | Extended Deadline Requested |
|---|---|---|
| Discovery Cut-Off | March 12, 2021 | April 12, 2021 |
| Summary Judgment, *Daubert* and *Markman* Motions | April 9, 2021 | May 7, 2021 |

The Parties recognize that the Court disfavors extensions of time without a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  However, the Parties believe that the aforementioned reasons constitute good cause under the circumstances.  The requested extension is not for the purposes of delay, nor, if granted, will it result in the prejudice to any party.  Further, the Parties do not anticipate that they will require additional extensions as to any pre-trial deadlines or request a continuance of trial.

WHEREFORE, the Parties respectfully jointly request that this Honorable Court grant the extensions of the trial deadlines as set forth herein and for such other and further relief the Court deems just and proper.

## Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), the Parties' undersigned counsel hereby certify that they previously conferred and agreed to the form and substance of the instant motion prior to filing.

Dated: March 5, 2021                    Respectfully submitted,

                                        **OLIPHANT FINANCIAL, LLC and
                                        ACCELERATED INVENTORY
                                        MANAGEMENT, LLC**


                    By:     /s/ Christopher P. Hahn
                            Christopher P. Hahn, Esq.
                            MAURICE WUTSCHER LLP
                            Florida Bar No. 87577
                            2255 Glades Road, Suite 324A
                            Direct: (772) 237-3410
                            Fax: (866) 581-9302
                            E-mail: chahn@MauriceWutscher.com
                            litigation@MauriceWutscher.com


                                        **BARSHAY SANDERS, PLLC**

                                        By:  */s Craig B. Sanders*
                                        Craig B. Sanders (Fla Bar. 0985686)
                                        100 Garden City Plaza, Suite 500
                                        Garden City, NY 11530
                                        Phone: 516.203.7600
                                        Fax: 516.282.7878
                                        email: csanders@barshaysanders.com
                                        *Attorneys for Plaintiff*


### Certificate of Service

The undersigned hereby certifies that, on this **5th day of March, 2021**, a true and correct copy of the foregoing document and any related exhibits was served via CM/ECF on all interested parties.


                                /s/Christopher P. Hahn