**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO. 8:20-cv-00873-WFJ-TGW**

Isabel Hernandez,

                Plaintiff,

                -against-

Oliphant Financial, LLC and Accelerated
Inventory Management, LLC,

                Defendant.

-----------------------------------------------------------------/

**PARTIES' JOINT MOTION TO EXTEND PRE-TRIAL DEADLINES**

Plaintiff, Isabel Hernandez and Defendants, Oliphant Financial, LLC and Accelerated

Inventory Management, LLC (collectively, the "Parties") by and through their respective counsel

file this Joint Motion to Extend Pre-Trial Deadlines ("Joint Motion") and, in support of their

Motion, state as follows:

**BACKGROUND**

This is an action for damages for alleged violations of various consumer protection

statutes under federal and state law. Plaintiff initiated this action by filing the initial Complaint

on April 15, 2020 [D.E. 1]. Pursuant to this Court's February 14, 2021 Order granting Plaintiff's

Unopposed Motion to Amend Complaint [D.E. 23], on February 15, 2021, Plaintiff filed her

First Amended Complaint [D.E. 26] raising new allegations against Defendants, Oliphant

Financial, LLC and Accelerated Inventory Management, LLC's ("Defendants"). Defendants'

Answer and Affirmative Defenses to Plaintiff's First Amended Complaint was filed on March 1,

2021 [D.E. 29]. Pursuant to this Court's Case Management and Scheduling Order [D.E. 17] ("Scheduling Case Order"), the Parties have coordinated mediation to be held with the selected mediator, Betsy Singer, on March 12, 2021 in accordance with this Court's deadline. The mediation was held and was unsuccessful in resolving this matter.

The deadline to complete discovery is currently April 12, 2021 and the deadline for dispositive motions is currently May 7, 2021. [Endorsed Order dated March 8, 2021].

The Parties are diligently attempting to complete discovery and had scheduled Plaintiff's deposition to be held on April 9, 2021, but, due to the unfortunate passing of Plaintiff's mother, needed to be rescheduled. Because of the death of her mother and the impact it had on Plaintiff's deposition, the Plaintiff has requested additional time to complete her outstanding discovery obligations, including rescheduling her deposition and responding to written discovery served upon her. The Defendants do not oppose the Plaintiff's request for this purpose and, pursuant to the Parties' understanding that this requested extension does not open the door for the Plaintiff to conduct additional discovery of her own, join in her request in order to expedite the Court's consideration of the instant motion. This is the Parties' second request for extension of pre-trial deadlines and, if granted, should not disrupt the trial term, currently set for this Court's term commencing September 7, 2021 [D.E. 17]. For the foregoing reasons, the Parties request that the Court grant the relief requested in this Motion.

## MEMORANDUM OF LAW

District courts are required to issue a scheduling order that limits the time to completed discovery and file motions. Fed. R. Civ. P. 16 (b)(3)(A). Modification of the scheduling order including the extension of deadlines requires a showing of good cause and must be done with the consent of the judge. *Sosa v. Airprint Sys.,* 133 F.3d 1417 (11th Cir. Fla. 1998). Good cause to extend time to complete discovery has been found where there was difficulty scheduling

depositions. *United States ex. Rel. Founds IIII, LLC v. Peter R. Brown Contsr.,* 2013 U.S. Dist. LEXIS 134395 (M.D. Fla. Sept. 19, 2013).

The current deadline to complete discovery is April 12, 2021. The parties require additional time to complete discovery based on the passing of Plaintiff's mother.  For the foregoing reasons, the Parties respectfully request that the court extend the deadlines as follows:

| Scheduled Event | Current Deadline | Extended Deadline |
|---|---|---|
| Requested Discovery Cut-Off | April 12, 2021 | May 12, 2021 |
| Summary Judgment, Daubert and Markman Motions | May 7, 2021 | June 7, 2021 |

The Parties recognize that the Court disfavors extensions of time without a showing of good cause. Fed. R. Civ. P. 16(b)(4). However, the Parties believe that the aforementioned reasons constitute good cause under the circumstances. The requested extension is not for the purposes of delay, nor, if granted, will it result in the prejudice to any party. Further, the Parties do not anticipate that they will require additional extensions as to any pre-trial deadlines or request a continuance of trial.

WHEREFORE, the Parties respectfully jointly request that this Honorable Court grant the extensions of the trial deadlines as set forth herein and for such other and further relief the Court deems just and proper. Rule 3.01(g) Certification Pursuant to Local Rule 3.01(g), the Parties' undersigned counsel hereby certify that they previously conferred and agreed to the form and substance of the instant motion prior to filing.

DATED: April 9, 2021

Barshay Sanders PLLC

**BARSHAY SANDERS, PLLC**

By: */s Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
*Attorneys for Plaintiff*

