UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISABEL HERNANDEZ,                          No.: 8:20-cv-00873-WFJ-TGW

      Plaintiff,

v.

OLIPHANT FINANCIAL, LLC, and,
ACCELERATED INVENTORY
MANAGEMENT, LLC,

      Defendants.

_____/

### DEFENDANTS', OLIPHANT FINANCIAL, LLC AND ACCELERATED INVENTORY MANAGEMENT, LLC, NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants, Oliphant Financial, LLC ("Oliphant") and Accelerated Inventory Management, LLC ("Accelerated") (collectively the "Defendants") by and through their counsel, Maurice Wutscher, LLP, respectfully submit this Notice of Supplemental Authority in Support of their Motion for Summary Judgment ("MSJ", *ECF No.* 41) pursuant to Local Rule 3.01(i).

3.01(i)(1).   Citation of Supplemental Authority: *Parker v. Mandarich Law Grp.*, LLP, No. 19-CV-6313, 2021 U.S. Dist. LEXIS 108197 (E.D.N.Y. June 9, 2021) ("*Parker*")[1].

3.01(i)(2).   Defendants submit that *Parker* supplements the following arguments previously made in its MSJ: Section III, A, 1, and Section III, A, 2.

---

[1] Plaintiff's attorney in the action before this Court was also an attorney of record for the plaintiff in *Parker*.

3.01(i)(3).   Quotation from *Parker*:

        a.     In support of Section III, A, 1:

Upon review of the record presented by the parties, the court concludes that no reasonable jury could find from the Collection Letter that Mandarich violated the FDCPA by failing to state the amount of any debt owed and by failing to state the name of the creditor or falsely stating the name of the creditor. A plain reading of the Collection Letter shows that the letter conforms with the requirements set forth in § 1692g(a)(2) and clearly states "the name of the creditor to whom the debt is owed." Specifically, in the letter, Mandarich properly identified the "Current Creditor," "Original Creditor," "Original Creditor Account No.," and "Current Balance Due: $2,390.07." Furthermore, the first sentence of the Collection Letter states that plaintiff's "account has been sold and assigned to our client, Galaxy International Purchasing, LLC." Under these circumstances, the court concludes that the least sophisticated consumer in plaintiff's position would understand that she has a credit card, and she can match the account number for this credit card with the account number on the letter.

*Parker*, at *34-35 (internal citations to the record omitted).

        b.     In support of Section III, A, 2:

Moreover, defendant also provided admissible evidence establishing the chain of title of ownership of plaintiff's debt as it was sold from Genesis Bankcard Services, Inc. and Genesis Consumer Funding, LLC to Galaxy International Purchasing, LLC. (See ECF No. 24-3, Ex. 3 (bills of sale transferring plaintiff's debt and redacted spreadsheet containing plaintiff's account information).) This documentation also confirms the valid identification of the original and current creditor stated on plaintiff's Collection Letter. (Id.) Based on the foregoing, the court concludes that the evidence proffered by Mandarich establishes no genuine dispute of material fact for trial regarding plaintiff's Counts 1-4, alleging FDCPA violations for failures to state the amount of any debt allegedly owed and the name of the creditor.

*Parker*, at *36-37.

2

Respectfully submitted,

**MAURICE WUTSCHER LLP**

*s/ Shannon Miller*
Shannon Miller, Esq. (*Pro Hac Vice*)
Maurice Wutscher, LLP
Attorneys for Defendants
10 W. Front Street
Media, PA 19063
smiller@mauricewutscher.com

Date: June 25, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of the foregoing was served on this

date electronically on all parties of record.


*/s/ Shannon Miller*
Shannon Miller

Date: June 25, 2021

3