**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Isabel Hernandez,

                              Plaintiff,

                                                          Case No:
                                                          8:20-00873-WFJ-TGW
                    v.

Oliphant Financial, LLC and Accelerated
Inventory Management, LLC,

                              Defendants.
----------------------------------------------------------/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Isabel Hernandez, ("*Plaintiff*"), by and through her undersigned

counsel, hereby submits the following memorandum in opposition to the motion of

Defendants Oliphant Financial, LLC ("*Oliphant*") and Accelerated Inventory

Management, LLC ("*Accelerated*") (collectively, "*Defendants*") for summary

judgment pursuant to Fed. R. Civ. Pro. 56.

**I.      INTRODUCTION**

Defendants are not entitled to summary judgment for a variety of reasons

including, but not limited to, that the motion mischaracterizes or otherwise

misapprehends Plaintiff's theory of the case.  The motion similarly mischaracterizes

the evidence and testimony before the Court.  In sum, the motion is a canard.

1

Notwithstanding the foregoing, even if the motion did not suffer the above-noted deficiencies, the primary reason for which Defendants' motion must be denied is that there are questions of fact as to whether Accelerated acquired any right, title or interest in a debt once owed by Plaintiff to WebBank.

Plaintiff commenced this action following her receipt of a letter from Oliphant through which Oliphant was seeking to collect a debt purportedly owed to Accelerated, arising from a debt once owed by Plaintiff to WebBank. The gravamen of the Complaint[1] alleges that Defendants violated the applicable provisions of the FDCPA[2] by identifying Accelerated as Plaintiff's creditor when, in fact, Plaintiff owes no monies of any kind to such entity.

In moving for summary judgment, Defendants argue that the letter was accurate and, therefore, did not violate the FDCPA, insofar as Accelerated is in fact the creditor to whom Plaintiff's WebBank debt is now owed. In support, Defendants rely on a bulk bill of sale (together with an attachment thereto), which Defendants aver serves to conclusively establish that Plaintiff's WebBank debt was duly acquired by Accelerated. Defendants are wrong for two equally dispositive reasons: one, even if it was authenticated by a witness with knowledge and contained

---

[1] The "Complaint" refers to the First Amended Complaint filed in this action (*Dkt. No.* 26, *et seq.*), which is the operative pleading herein.
[2] The Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*).

2

anywhere within it the identification of Plaintiff's account, the bill of sale is between LendingClub and Accelerated whereas the debt was incurred, if at all, between Webbank and Plaintiff; second, the evidence upon Defendants rely is insufficient as a matter of New York law to establish Accelerated's putative ownership of any debt once owed by Plaintiff to WebBank.

As to the first issue, the chain of title documents purportedly establishing the transfer of Plaintiff's debt to Accelerated is missing the very first link, *to wit*, the transfer of the debt from Webbank, the original creditor, to LendingClub, the putative seller to Accelerated.

The bulk bill of sale provided by Defendants on the instant motion does not mention Plaintiff's account by name or number. The bulk bill of sale purports to be executed by one hundred two (102) different sellers, however, it only bears the facsimile signature of a single individual who purports to act on behalf of each of the 102 individual sellers pursuant to a power of attorney. There is no attestation from the facsimile signatory, and the power(s) of attorney are not before the Court. There is no attestation from the individual seller indicating that Plaintiff's alleged debt was intended to be included in the electronic file "dump" from the 102 separate sellers, so as to show that WebBank actually intended to sell Plaintiff's alleged debt.

As to the second issue, Plaintiff is a resident of New York and as a result, if Accelerated were to sue Plaintiff to attempt to collect the alleged debt, it would be

3

required to bring such an action in a court within Kings County, New York.[3] As such, New York Law is applicable to this claim. That is critically important since, as will be explained more fully herein, New York has adopted rigid standards pertaining to the proof needed by a "debt buyers—such as Accelerated—to show ownership of a consumer debt that did not originate with it. The rules were adopted in response to what the New York State courts found to be a "rampant abuse" of the judicial process by debt buyers who purchase debts for pennies on the dollar and seek to collect on same through the court system but, if pressed, could not show a proper chain of title.

Under such circumstances, this Court cannot grant summary judgment to Defendants without first overlooking the afore-mentioned significant evidentiary hurdles and the missing chain of title link, and thereafter also satisfying itself that the bill of sale would meet the requirements of New York law to show ownership of Plaintiff's alleged debt by Accelerated. Insofar as New York case law shows that a collection action based on the documents presently before this Court would be subject to summary judgment dismissal (and would even be insufficient to warrant

---

[3]    *See*, e.g., 15 U.S.C. § 1692i.

the grant of a default judgment to Defendants), Defendants' motion for summary judgment must be denied.[4]

## II.   STATEMENT OF FACTS

The facts of this case are set forth in Plaintiff's response to Defendants' Statement of Undisputed Facts (the "*RSUF*"), unless otherwise indicated.

Plaintiff is a natural person whom Defendants allege to owe a debt. *Dkt. No.* 42-3 at pp. 58-59 (Defendants' Amended Responses to Plaintiff's Request for Admissions) at ¶¶ 1-2. The debt arises, if at all, from a loan Plaintiff received from WebBank in the amount of $10,000, in or about November, 2008 (the "*alleged Debt*"). *RSUF* at ¶ 1, 3. Plaintiff used the proceeds of the loan for personal, non-business purposes. *RSUF* at ¶ 9. Therefore, Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) and the alleged Debt is a "debt" within the meaning of 15 U.S.C. §1692a(5).

Defendants aver that, on or about December 27, 2019, Accelerated purports to have purchased the alleged Debt from an entity identified as "LendingClub." *Dkt. No.* 42 (Defendants' Statement of Undisputed Facts) at ¶ 7. In support, Defendants

---

[4]   See, e.g., *Cach of Colorado, LLC v. Lazarovwsky*, 46 Misc. 3d 1201(A), 7 N.Y.S.3d 240 (N.Y. Civ. Ct. 2014); *Great Seneca Fin. Corp. v. Ogunbowale*, 47 Misc. 3d 322, 324, 2 N.Y.S.3d 868, 869 (N.Y. Civ. Ct. 2015); *In re Pinpoint Techs.*, LLC, 45 Misc. 3d 1223(A), 5 N.Y.S.3d 329 (N.Y. Civ. Ct. 2014); *Portfolio Recovery Assocs. v. Lall,* 41 Misc. 3d 128(A), 980 N.Y.S.2d 278 (App. Term 2013), aff'd sub nom. *Portfolio Recovery Assocs., LLC v. Lall*, 127 A.D.3d 576, 8 N.Y.S.3d 101 (2015); *Velocity Investments, LLC a/a/o Prosper Funding, LLC*, Nassau County Index No. 611992/2019 (Sup. Ct. Nassau Cty. Sept. 14, 2020).

solely rely on: (i) an "Account Purchase Agreement" which is not before the Court (*id.* at ¶¶ 7-8); and (ii) a bulk bill of sale (*Def. Ex. A-1; Dkt. No.* 42-2 at 00005-00022).   The bulk bill of sale does not mention Plaintiff's loan by name or number. *Id.* It purports to convey accounts on behalf of one hundred two (102) individual sellers. *Id.* It bears the facsimile signature of an individual who purports to hold a power of attorney for such sellers, but, the power of attorney is not before the Court. RSUF at ¶ 7, 8, 19, 20, 36, 66, 67.  Neither the bill of sale nor the redacted exhibit purporting to identify the alleged Debt as being one of the unknown number of accounts sold by the 102 sellers have been authenticated by WebBank (or any other seller). *Id.*

In its efforts to collect the alleged Debt, Accelerated placed the alleged Debt with Oliphant for collection. *Dkt. No.* 42 at ¶ 13.  In their concerted effort to collect the alleged Debt, Oliphant sent Plaintiff a letter dated December 31, 2019 on behalf of Accelerated (the "*Letter*").  *RSUF* at ¶ 14.  The Letter was the first written communication sent by Defendants to Plaintiff with respect to the alleged Debt.  *Id.* at ¶ 26.  The Letter identified "WebBank" as the "original creditor" and identified Accelerated as the "current creditor." *Dkt. No.* 42 at ¶¶ 19, 20.  The Letter further listed the "amount due" as being in the sum of $9,706.72.  *Id.* at ¶ 21.

Plaintiff was confused upon her receipt of the Letter, insofar as did not recognize WebBank as being any "original creditor" and did not recognize the

6

amount of the alleged Debt. *RSUF* at ¶¶ 35, 55-58. Plaintiff similarly did not recognize Accelerated. *Dkt. No.* 42-2 at Dep. Tr. of Plaintiff, 22:17-21. To this end, when Plaintiff received a phone call from Accelerated in connection with its attempts to collect the alleged Debt, Plaintiff disputed the alleged Debt and asked Accelerated to verify same, however, neither Accelerated nor Oliphant did so. *RSUF* at ¶¶ 28, 38, 40.

Plaintiff declined to engage in any further conversations with Defendants, insofar as she feared that Defendants would only seek to extract personal information from her, which made her nervous. *Dkt. No.* 42-3, Plaintiff's Deposition Tr. At 61:6-20. Instead, she forwarded the Letter to her attorney for assistance. *Id.* at 20:4-6.

## III.   SUMMARY OF THE ARGUMENT

In moving for summary judgment, Defendants either misunderstand or mischaracterize the claims advanced in Plaintiff's Complaint to fit their theory of the case. More specifically, Defendants describe Plaintiff's Complaint as saying that she did not owe the alleged Debt because she did not contract directly with Accelerated and, therefore, she does not owe the alleged Debt. Answering their own question, Defendants posit that the Letter identifies WebBank as being Plaintiff's "original creditor" and properly identifies Accelerated as Plaintiff's "current creditor." Therefore, according to Defendants, there has been no violation.

7

Unfortunately for Defendants, these are not the claims advanced in the Complaint. To the contrary, Plaintiff is not attempting to show any misunderstandings between the terms "original creditor" or "current creditor." Rather, the Complaint alleges that the Letter is false, deceptive and/or misleading because it identifies Accelerated as Plaintiff's current creditor. In support, the Complaint alleges that Accelerated holds no legally cognizable right, title or interest in the alleged Debt and that Plaintiff *is not otherwise* indebted to Accelerated. That point is underscored where, as here, Plaintiff lodged a dispute with Defendants and asked them to verify and/or validate the alleged Debt, but they did not (or were otherwise unable to) do so. Because the bulk bill of sale relied upon by Defendants fails to prove that WebBank, or any one of the other 102 "sellers" validly entered into any transaction with Accelerated, the Letter violates the applicable provisions of the FDCPA and the FCCPA.

## IV.   ARGUMENT

In adjudicating Defendants' motion, the Court is to be guided by two primary tenets of law. In no particular order, they are the rules pertaining to motions for summary judgment in general, and the rules governing the application of the least sophisticated consumer standard.

### A. Standards of Review

#### i. Standard of Review – Summary Judgment

Summary judgment is only appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact ...." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In evaluating such a motion and, critically, the Court is to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

"In other words, summary judgment is warranted if a jury, viewing all facts and any reasonable inferences therefrom in the light most favorable to plaintiffs, could not reasonably return a verdict in plaintiffs' favor." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995) (citing *Anderson*, 477 U.S. at 248. "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id*.

In this case, for the reasons more specifically articulated *infra,* the record provided by Defendants fails to show that there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law. To the

9

contrary, the record presented by Defendants leaves open many questions of fact, such as whether any of the 102 facsimile signatures appearing on the bulk bill of sale were authorized and/or whether the facsimile signatory possessed the requisite power(s) of attorney which Defendants claim to exist, but is not corroborated by the facsimile signatory.   Under such circumstances, the burden has not shifted to Plaintiff to disprove anything.   In other words, the Court should deny Defendants' motion even if it were not opposed.   Out of an abundance of caution, however, Plaintiff submits this memorandum.

### ii.   <u>Standard of Review – the Least Sophisticated Consumer</u>

The FDCPA authorizes private causes of action to debtors who have suffered "the use of abusive, deceptive, and unfair debt collection practices." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014); 15 U.S.C. § 1692(a). Courts analyzing FDCPA claims in this Circuit are to apply the "least sophisticated consumer" standard (the "*LSC standard*"). *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193-44 (11th Cir. 2010).  "The 'least-sophisticated consumer' standard is consistent with basic consumer-protection principles." *Id.* citing *Jeter v. Credit Bureau Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).  As the Eleventh Circuit has more recently stated, Courts "should not hold the least sophisticated consumer to the same standard as a reasonably prudent consumer." *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942

10

F.3d 1200, 1210 (11th Cir. 2019) (citing *Jeter*).  That is because "[t]he least sophisticated consumer, though not unreasonable, is 'ignorant' and 'unthinking,' [ ] 'gullible,' and of 'below-average sophistication or intelligence'."  *Id.* (citation omitted); *see also Hillaire v. Delta Funding Corp*., No. 98-7188, 2002 WL 31123860, at *2 (E.D.N.Y. Sept. 26, 2002) quoting *Peters v. General Service Bureau, Inc*., 277 F.3d 1051, 1055 (8th Cir. 2002) (The "least sophisticated consumer" has been described as a person of "below average sophistication or intelligence").  When applying the LSC standard to the facts of the instant case, the Court should have little trouble in finding Defendants are not entitled to the relief sought.

## V.   DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT AS TO PLAINTIFF'S FDCPA CLAIMS

In moving for summary judgment, Defendants argue that they did not violate the applicable provisions of the FDCPA on the grounds that the Letter neither misrepresents the amount of Plaintiff's alleged Debt nor misrepresents the identity of the current creditor.  In support, Defendants cite, *inter alia,* to: (i) a bulk bill of sale through which LendingClub purportedly sold Plaintiff's alleged Debt to Accelerated; (ii) a printout which purports to show the amount of the alleged Debt on the date of sale; (iii) and an unsigned agreement between Plaintiff and WebBank.

While Defendants' arguments would appear to be facially compelling, they are legally and factually deficient from their very outset.  By way of example,

11

Defendants aver that Accelerated purchased Plaintiff's alleged Debt from LendingClub, whereas Defendants aver that the creditor was actually WebBank. Although Defendants describe LendingClub as the "servicer" for WebBank, Defendants have provided no documentation to support the contention that LendingClub had the authority to sell any accounts owned by WebBank.

Further, and more importantly, the bulk bill of sale does not contain any specific reference to Plaintiff's alleged Debt—or to any other account. Instead, it is a single document that purports to transfer an unknown number of accounts from 102 individual "sellers" to Accelerated. The bulk bill of sale is not signed by any individual seller, however. Instead, it bears the facsimile signature of a single individual (Bandon Pace) who purports to be the "attorney-in-fact" for each of the 102 individual sellers. Notably absent is any declaration from Mr. Pace attesting to the veracity of any one of his 102 facsimile signatures or any of the powers of attorney Mr. Pace is alleged to possess.

Under such circumstances, the Court would be hard-pressed to find that there are no questions of fact as to the veracity or authenticity of these documents. That is particularly so, given that Plaintiff is a resident of the State of New York, and the sufficiency of such documents would be measured under New York law.

In this regard, it is relevant to note that in 2014, in response to the escalating number of default judgments that were being obtained by debt buyers in the New

12

York State Court system, the Chief Judge announced that the Courts of the State of New York would be adopting "major reforms" to address what the Courts believed to be a rampant abuse of the judicial process in consumer credit cases.[5]  The new rules were intended to "ensure a fair legal process and address documented abuses, including entry of default judgments despite insufficient or incorrect factual proof…"[6]  To this end, the following rules were adopted: N.Y. Comp. Codes R. & Regs. Tit. 22, § 202.27-a[7] and N.Y. Comp. Codes R. & Regs. Tit. 22, § 208.14-a.[8]  Pursuant to subsections (b) and (d), each of these rules provides that:

> "Where the plaintiff is a debt buyer, the plaintiff must submit the AFFIDAVIT OF FACTS AND PURCHASE OF ACCOUNT BY DEBT BUYER PLAINTIFF, the AFFIDAVIT OF FACTS AND SALE OF ACCOUNT BY ORIGINAL CREDITOR and, if applicable, the AFFIDAVIT OF PURCHASE AND SALE OF ACCOUNT BY DEBT SELLER for each debt seller who owned the debt prior to the plaintiff."

22 NYCRR §202.27-a and §208.14-a. (ALLCAPS in original).   Continuing, subsection (g) of each Rule provides:

> "The affidavits required by this section **shall** be **supported by exhibits**, including a **copy of the credit agreement** as defined in this section, the **bill of sale or written assignment** of the account where applicable, and **relevant business records of the Original Creditor** that set forth the name of the defendant; the last four digits of the account number; the date and amount of the charge-off balance; the date and amount of the last payment, if any; the

---

[5]   http://ww2.nycourts.gov/rules/ccr/index.shtml#6.

[6]   *Id.*.

[7]   Titled "Proof of Default Judgment in Consumer Credit Matters," applicable to consumer credit card cases commenced in the Supreme and County Courts.

[8]   Similarly titled and applicable to Civil Courts within the City of New York.

13

> amounts of any post-charge-off interest and post-charge-off fees and charges, less any post-chargeoff credits or payments made by or on behalf the defendant; and the balance due at the time of sale."

22 NYCRR §202.27-a and §208.14-a. (emphases added).

The documentation relied upon by Defendants (including a non-existent "Account Purchase Agreement" and a bulk bill of sale bearing the facsimile signature of a single individual who purports to act on behalf of 102 separate entities, and who has not provided a declaration or any other attestation confirming the authenticity of the 102 facsimile signatures appearing on the bulk bill of sale) does not meet these exacting requirements.

To the contrary, New York Courts would find such documentation to be wholly insufficient and, since the enactment of the aforementioned rules, will routinely dismiss debt collection cases which are not supported by the requisite information—even on summary judgment. See, e.g., *Cach of Colorado, LLC v. Lazarovwsky*, 46 Misc. 3d 1201(A), 7 N.Y.S.3d 240 (N.Y. Civ. Ct. 2014) (finding lack of ownership where "there is no copy of any printout listing the [individual] accounts included in that [pool of charged-off accounts] bill of sale, so it is impossible to conclude that defendant's account was sold as part of that transaction"); *Great Seneca Fin. Corp. v. Ogunbowale*, 47 Misc. 3d 322, 324, 2 N.Y.S.3d 868, 869 (N.Y. Civ. Ct. 2015) (finding that if the debt buyer plaintiff had commenced its action against the consumer after the enactment of "the new Uniform

14

Civil Rules [New York Court Rules § 208.14–a] governing consumer credit transactions, this litigation would have to be dismissed") (Citing, *inter alia, In re Pinpoint Techs*., LLC, 45 Misc. 3d 1223(A), 5 N.Y.S.3d 329 (N.Y. Civ. Ct. 2014) (citing *Portfolio Recovery Assocs. v. Lall,* 41 Misc. 3d 128(A), 980 N.Y.S.2d 278 (App. Term 2013), aff'd sub nom. *Portfolio Recovery Assocs., LLC v. Lall*, 127 A.D.3d 576, 8 N.Y.S.3d 101 (2015) (requiring an "Affidavit of Sale of Individual Account" prepared by an officer of the issuer of the credit card attesting to the purchase as proof of debt buyer's standing to sue consumer); *Velocity Investments, LLC a/a/o Prosper Funding, LLC*, Nassau County Index No. 611992/2019 (Sup. Ct. Nassau Cty. Sept. 14, 2020).

Although it is anticipated that Defendants will argue that the aforementioned rules are inapplicable to FDCPA cases such as this because Defendants have not sued Plaintiff on account of the alleged Debt, that argument suffers from a number of notable deficiencies. For example, the NYCRR requirements mandate that a debt buyer possess a minimum amount of specifically identified documentation in order to access the State Courts.  It could be held to be a Part 130 violation (New York State's Rule 11 equivalent) to file a claim knowing upon filing that the pleader lacks the necessary documentary evidence to prove its case; be it on default or at trial[9].

---

[9]    22 NYCRR § 130-1.1 is the State Court equivalent of Fed. R. Civ. Pro. 11, and requires that an attorney's signature on a document filed with the Court constitutes a certification that, to

15

Here, Defendants could not seek to commence an action to collect the alleged Debt from Plaintiff without potentially running afoul of Rule 130-1.1, to the extent that the filing of a collection lawsuit on the documents provided in connection with the current motion for summary judgment would be legally deficient in any Court of the State of New York.

Further, the need to uphold the protections embodied in the New York statute are even more compelling here. That is because when a debt buyer—such as Accelerated—commences an action against a consumer in the Courts of the State of New York, the consumer has the judiciary standing between her and the debt buyer to ensure that the minimally required documentation has been presented—even if the consumer does not appear to defend the action. To hold otherwise would be anathematic to the purpose of the FDCPA. More specifically, a debt buyer who knows it does not possess the minimally required documentation to commence an action at law in a New York State court would be incentivized to use any other tactic as a method of coercing payment from a debtor that it knows it cannot sue. The debtor does not know this, however, and will be disadvantaged by the debt collector's superior knowledge—which it chooses not to share.

---

the best of the attorney's knowledge, formed after an inquiry reasonable under the circumstances, that any contentions contained in a document filed with the Court are not frivolous, and that material factual statements are not false.

16

In short sum, this Court should not find that Defendants have established an entitlement to summary judgment, without satisfying itself that the unauthenticated documentation before it would be sufficient to prove Accelerated's purported ownership of the alleged Debt under New York law. Because it does not, the Court should find that a jury looking at this evidence could reasonably find in favor of Plaintiff—as the non-movant.

## VI.   DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT AS TO PLAINTIFF'S FCCPA CLAIMS

Section 559.72(9) of the FCCPA provides that a debt collector shall not "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

In the final prong of its motion, Defendants argue that Plaintiff's claim brought under § 559.72(9) should fail insofar as Plaintiff has purportedly failed to establish that Defendants were attempting to enforce a legal right that did not exist and that they had "actual knowledge" that the right did not exist. Defendants' argument in this regard rests on precisely the type of conjecture as it alleges to exist in Plaintiff's claim. The Complaint clearly states that Plaintiff did not owe a debt of any kind to Accelerated because it holds no legally cognizable interest in any debt once owed by Plaintiff to WebBank.

17

Further to this point, both Oliphant and Accelerated knew—or should have known—that the entirety of the record complied by Defendants in connection with the instant motion would be insufficient to obtain so much as a default judgment against Plaintiff, in the event that they were required to commence an action against Plaintiff in the Courts of the State of New York.  In light of the foregoing, there are certainly questions of fact as to whether Defendants simply elected to "roll the dice" and see if Plaintiff would be coerced into paying a debt that Defendants cannot prove she owes and, therefore violated the FCCPA.

## CONCLUSION

For all the reasons set forth herein, it is respectfully submitted that cause exists to deny Defendants' motion in its entirety, together with such other and further relief as this Court deems just, appropriate and proper.

Dated:      Garden City, New York
            June 28, 2021

                                    Respectfully submitted,

                                    **BARSHAY SANDERS, PLLC**

                        By:    _Craig B. Sanders, Esq._
                               Craig B. Sanders (Fla Bar 0985686)
                               100 Garden City Plaza, Suite 500
                               Garden City, New York 11530
                               Tel: (516) 203-7600
                               Fax: (516) 706-5055
                               csanders@barshaysanders.com
                               _Attorneys for Plaintiff_

18