UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Isabel Hernandez,

                                  Plaintiff,

                vs.                                              Case No: 8:20-00873-WFJ-
                                                                 TGW
Oliphant Financial, LLC and Accelerated
Inventory Management, LLC,

                                  Defendants.

--------------------------------------------------------/

**PLAINTIFF'S STATEMENT OF DISPUTED FACTS IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Isabel Hernandez, ("*Plaintiff*") submits the following reply to the

Statement of Undisputed Facts submitted by Defendants Oliphant Financial, LLC

("*Oliphant*") and Accelerated Inventory Management, LLC ("*Accelerated*") in

Support of their Motion for Summary Judgment, and avers as follows:

1.      Objection.  This is not a "material fact" within the meaning of Rule 56,

insofar as the question of whether Plaintiff applied for a loan from WebBank has no

bearing on the question of whether Accelerated holds any legally cognizable interest

in the alleged Debt.  Accordingly, no response is required. *See, Anderson v. Liberty

Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("[o]nly

disputes over facts that might affect the outcome of the suit under the governing law

will properly preclude the entry of summary judgment").  Since this allegation is

immaterial, subject to and without waiving the foregoing objections, this statement is not disputed.

2.      Objection.  This is not a "material fact" within the meaning of Rule 56, insofar as the question of whether the agreement reflected LendingClub would act as servicer for any loan issued to Plaintiff by WebBank has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt.  Accordingly, no response is required. See, *Anderson* 477 U.S. at 248.  Subject to and without waiving the foregoing objections, this statement is disputed to the extent that the Borrower Agreement is a document which speaks for itself (FRE 1002) and Defendants' paraphrasing or construction thereof is inadmissible hearsay (FRE 801, 802, 803).  Plaintiff refers all questions of document construction and/or the legal significance thereof (if any) to the Court for determination.

3.      Objection.  This is not a "material fact" within the meaning of Rule 56, insofar as the question of whether WebBank issued a loan to Plaintiff in the amount of $10,000 has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt.  Accordingly, no response is required. *Anderson* 477 U.S. at 248. Since this allegation is immaterial, subject to and without waiving the foregoing objections, not disputed.

4.      Objection.  This is not a "material fact" within the meaning of Rule 56, insofar as the question of whether Plaintiff read the Borrower Agreement has no

bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt.  Accordingly, no response is required. *Anderson* 477 U.S. at 248. Since this allegation is immaterial, subject to and without waiving the foregoing objections, this statement is undisputed.

5.      Disputed.  This statement is not supported by evidence in admissible form. The documents purporting to be Plaintiff's Borrower Agreement and Note have not been authenticated by either Plaintiff or WebBank, and neither Defendant has first-hand knowledge of the authenticity or veracity of same.  This statement is further disputed to the extent that the Borrower Agreement and Note, if authenticated, are documents which speak for themselves and Defendants' paraphrasing or construction thereof is inadmissible hearsay (FRE 801, 802, 803).

6.      Disputed, to the extent that the statement made is not supported by evidence in admissible form. The document purported to be the Certificate of Loan Sale pertaining to the transfer of title of Plaintiff's alleged debt has not been authenticated by either Plaintiff or WebBank, and neither Defendant has first-hand knowledge of the authenticity or veracity of same.  This statement is further disputed to the extent that the Borrower Agreement and Note are documents which speak for themselves and Defendants' paraphrasing or construction thereof is inadmissible hearsay (FRE 801, 802, 803).

7.      Disputed.  The bulk Bill of Sale (*Def. Ex. A-1; Dkt. No.* 42-2 at 00005-

3

00022) is insufficient as a matter of New York law. 22 NYCRR §§ 202.27-a; 208.14-a. The bulk bill of sale does not mention Plaintiff's loan by name or number. It purports to convey accounts on behalf of one hundred two (102) individual sellers. It bears the facsimile signature of an individual who purports to hold a power of attorney for such sellers, but, the power of attorney is not before the Court. Neither the bill of sale nor the redacted exhibit have been authenticated by WebBank.

8.      Disputed. The bulk Bill of Sale (*Def. Ex. A-1; Dkt. No.* 42-2 at 00005-00022) is insufficient as a matter of New York law. 22 NYCRR §§ 202.27-a; 208.14-a. The bulk bill of sale does not mention Plaintiff's loan by name or number. It purports to convey accounts on behalf of one hundred two (102) individual sellers. It bears the facsimile signature of an individual who purports to hold a power of attorney for such sellers, but, the power of attorney is not before the Court. Neither the bill of sale nor the redacted exhibit have been authenticated by WebBank.

9.      Objection. This is not a "material fact" within the meaning of Rule 56, insofar as the question of whether Accelerated received any documentation sufficient to determine whether the alleged Debt is a "debt" has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt. Accordingly, no response is required. *Anderson* 477 U.S. at 248. Without waiving the above objection, this statement is disputed as Plaintiff used the proceeds of the loan for personal, non-business purposes. *Dkt. No.* 42-2 at Dep. Tr. of Plaintiff

4

43:19-44:8.

10.     Disputed.  Plaintiff disputed the amount of the alleged Debt (*Dkt. No. 42-2* at Dep. Tr. of Plaintiff 30:6-11) and asked Defendants to verify the amount of the alleged Debt, however, Defendants did not do so.  *Id.* at 35:4-25. This statement is further disputed to the extent that the Certificate of Loan Sale and the related Account Schedule and Loan Summary, have not been properly authenticated.

11.     Disputed.  The referenced document includes no such representation.

12.     Disputed.  Plaintiff disputed the amount of the alleged Debt (*Dkt. No. 42-2* at Dep. Tr. of Plaintiff 30:6-11) and asked Defendants to verify the amount of the alleged Debt, however, Defendants did not do so.  *Id.* at 35:4-25. This statement is further disputed to the extent that the Certificate of Loan Sale and the related Account Schedule and Loan Summary, have not been authenticated by either Plaintiff or WebBank.  The testimony of Defendant's employee, who does not have first-hand knowledge of the underlying transaction history purportedly provided by WebBank is inadmissible hearsay.

13.     Objection.  This is not a "material fact" within the meaning of Rule 56, as the contention that Accelerated placed an account with Oliphant has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt.  Accordingly no response is required. *Anderson* 477 U.S. at 248. Since this allegation is immaterial, subject to the foregoing objections, it is not disputed

that Accelerated placed the alleged debt with Oliphant in an effort to collect on it.

14.    Objection.  This is not a "material fact" within the meaning of Rule 56, insofar as the question of whether Oliphant sent Plaintiff a collection letter has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt.  Accordingly, no response is required. *Anderson* 477 U.S. at 248. Since this statement is immaterial, subject to and without waiving the foregoing objections, this statement is not disputed.

15.    Objection.  This is not a "material fact" within the meaning of Rule 56, insofar as the address to which the Letter was sent has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt. Accordingly, no response is required. *Anderson* 477 U.S. at 248. Since this statement is immaterial to this action, without waiving the foregoing objections, not disputed.

16.    Objection.  This is not a "material fact" within the meaning of Rule 56, insofar as the date on which the Letter was sent has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt. Accordingly, no response is required. *Anderson* 477 U.S. at 248. Since this statement is immaterial, subject to and without waiving the foregoing objections, not disputed.

17.    Objection.  This is not a "material fact" within the meaning of Rule 56, insofar as the format of the Letter has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt.  Accordingly,

6

no response is required. *Anderson* 477 U.S. at 248.  Subject to and without waiving

the foregoing objections, Plaintiff avers that the Letter is a document which speaks

for itself (FRE 1002) refers all questions of document construction and/or the legal

significance thereof to the Court for determination.

18.    Objection.  This is not a "material fact" within the meaning of Rule 56,

insofar as the format of the Letter has no bearing on the question of whether

Accelerated holds any legally cognizable interest in the alleged Debt.  Accordingly,

no response is required. *Anderson* 477 U.S. at 248.  Subject to and without waiving

the foregoing objections, Plaintiff avers that the Letter is a document which speaks

for itself (FRE 1002) refers all questions of document construction and/or the legal

significance thereof to the Court for determination.

19.    Objection.  This is not a "material fact" within the meaning of Rule 56,

insofar as the fact that the Letter identifies Accelerated as the current creditor does

not make it so.  Subject to and without waiving the foregoing objections, this

statement is disputed insofar as the bulk Bill of Sale (*Def. Ex. A-1; Dkt. No.* 42-2 at

00005-00022) is insufficient as a matter of New York law to show Accelerated's

purported ownership of the alleged Debt.  22 NYCRR §§ 202.27-a; 208.14-a.  The

bulk bill of sale does not mention Plaintiff's loan by name or number.  It purports to

convey accounts on behalf of one hundred two (102) individual sellers.  It bears the

facsimile signature of an individual who purports to hold a power of attorney for

such sellers, but, the power of attorney is not before the Court.  Neither the bill of sale nor the redacted exhibit have been authenticated by WebBank.

20.    Objection.  This is not a "material fact" within the meaning of Rule 56, insofar as the fact that the Letter identifies WebBank as the original creditor is immaterial to the question of whether Accelerated holds any right, title or interest in the alleged Debt.  Subject to and without waiving the foregoing objections, this statement is disputed insofar as the bulk Bill of Sale (*Def. Ex. A-1; Dkt. No.* 42-2 at 00005-00022) is insufficient as a matter of New York law to show Accelerated's purported ownership of the alleged Debt.  22 NYCRR §§ 202.27-a; 208.14-a.  The bulk bill of sale does not mention Plaintiff's loan by name or number.  It purports to convey accounts on behalf of 102 individual sellers.  It bears the facsimile signature of an individual who purports to hold a power of attorney for such sellers, but, the power of attorney is not before the Court.  Neither the bill of sale nor the redacted exhibit have been authenticated by WebBank.

21.    Objection.  This is not a "material fact" within the meaning of Rule 56, insofar as the fact that the Letter lists an amount due does not make it so.  Subject to and without waiving the foregoing objections, this statement is disputed.  Plaintiff disputed the amount of the alleged Debt (*Dkt. No.* 42-2 at Dep. Tr. of Plaintiff 30:6-11) and asked Defendants to verify the amount of the alleged Debt, however, Defendants did not do so.  *Id.* at 35:4-25. Plaintiff avers that the Letter is a document

which speaks for itself (FRE 1002) refers all questions of document construction and/or the legal significance thereof to the Court for determination.

22.     Objection. This is not a "material fact" within the meaning of Rule 56, insofar as the format of the Letter has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt. Accordingly, no response is required. *Anderson* 477 U.S. at 248. Subject to and without waiving the foregoing objections, Plaintiff avers that the Letter is a document which speaks for itself (FRE 1002) refers all questions of document construction and/or the legal significance thereof to the Court for determination.

23.     Objection. This is not a "material fact" within the meaning of Rule 56, insofar as the format of the Letter has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt. Accordingly, no response is required. *Anderson* 477 U.S. at 248. Subject to and without waiving the foregoing objections, Plaintiff avers that the Letter is a document which speaks for itself (FRE 1002) refers all questions of document construction and/or the legal significance thereof to the Court for determination.

24.     Objection. This is not a "material fact" within the meaning of Rule 56, insofar as the format of the Letter has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt. Accordingly, no response is required. *Anderson* 477 U.S. at 248. Subject to and without waiving

9

the foregoing objections, Plaintiff avers that the Letter is a document which speaks for itself (FRE 1002) refers all questions of document construction and/or the legal significance thereof to the Court for determination.

25.     Objection.  This is not a "material fact" within the meaning of Rule 56, insofar as the format of the Letter has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt.  Accordingly, no response is required. *Anderson* 477 U.S. at 248.  Subject to and without waiving the foregoing objections, Plaintiff avers that the Letter is a document which speaks for itself (FRE 1002) refers all questions of document construction and/or the legal significance thereof to the Court for determination.

26.     Objection.  This is not a "material fact" within the meaning of Rule 56, insofar as format of the Letter has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt.  Accordingly, no response is required. *Anderson* 477 U.S. at 248.  Subject to the above objections, not disputed.

27.     Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA, as is set forth more fully in the Complaint. Accordingly, no response is required. *Anderson* 477 U.S. at 248. Since this allegation is immaterial, subject to the foregoing objections, not disputed.

28.     Disputed.  Plaintiff testified that she received a phone call in which the

10

caller identified herself as an employee of Defendant Accelerated and Plaintiff informed the caller that she did not recognize the alleged Debt and asked Accelerated to verify same. Accelerated did not do so. *Dkt. No.* 42-2 at Dep. Tr. of Plaintiff, 30:6-11. Plaintiff further recalls receiving phone calls which she did not answer but had been placed by Accelerated. *Id.* at 58:7-59:22.

29.     Objection. This is not a "material fact" within the meaning of Rule 56, insofar as format of the Letter has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt. Accordingly, no response is required. *Anderson* 477 U.S. at 248. Since this statement is immaterial, subject to and without waiving the foregoing objections, this statement is not disputed.

30.     Not disputed.

31.     Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA, as is set forth more fully in the Complaint. Accordingly, no response is required. *Anderson* 477 U.S. at 248. Since this statement is immaterial, subject to the foregoing objections, not disputed.

32.     Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA, as is set forth more fully in the Complaint. Accordingly, no response is required. *Anderson* 477 U.S. at 248.

11

Since this statement is immaterial, subject to the foregoing objections, not disputed.

33.     Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA, as is set forth more fully in the Complaint. Accordingly, no response is required. *Anderson* 477 U.S. at 248. Subject to and without waiving the foregoing objections, this statement is disputed insofar as Plaintiff testified that she could not recall if she read the entirety of the Letter. *Dkt. No.* 42-2 at Dep. Tr. of Plaintiff, 24:1-2; 24:21-25:1.

34.     Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Accelerated holds any right, title or interest in the alleged Debt. Accordingly, no response is required. *Anderson* 477 U.S. at 248.  Since this statement is immaterial, subject to and without waiving the foregoing objections, this statement is not disputed.

35.     Disputed.   Plaintiff testified that she did not recognize the name WebBank. *Dkt. No.* 42-2 at Dep. Tr. of Plaintiff, 23:8-17.

36.     Disputed.  The question of whether Accelerated is the owner of the loan is a question of fact and is disputed insofar as the bulk Bill of Sale (*Def. Ex. A-1; Dkt. No.* 42-2 at 00005-00022) is insufficient as a matter of New York law.  22 NYCRR §§ 202.27-a; 208.14-a.  The bulk bill of sale does not mention Plaintiff's loan by name or number.  It purports to convey accounts on behalf of one hundred

two (102) individual sellers.  It bears the facsimile signature of an individual who purports to hold a power of attorney for such sellers, but, the power of attorney is not before the Court.  Neither the bill of sale nor the redacted exhibit have been authenticated by WebBank.

37.     Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Accelerated holds any right, title or interest in the alleged Debt. Accordingly, no response is required. *Anderson* 477 U.S. at 248.  Subject to the foregoing objections, not disputed.

38.     Disputed.  Plaintiff testified that she received a phone call in which the caller identified herself as an employee of Accelerated and Plaintiff informed the caller that she did not recognize the alleged Debt and asked Accelerated to verify same.  Accelerated did not do so.  *Dkt. No.* 42-2 at Dep. Tr. of Plaintiff, 30:6-11.

39.     Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Accelerated holds any right, title or interest in the alleged Debt.  Accordingly, no response is required. *Anderson* 477 U.S. at 248.  Subject to the foregoing objections, not disputed.

40.     Disputed.  Plaintiff testified that she received a phone call in which the caller identified herself as an employee of Accelerated and Plaintiff informed the caller that she did not recognize the alleged Debt and asked Accelerated to verify same.  Accelerated did not do so.  *Dkt. No.* 42-2 at Dep. Tr. of Plaintiff, 30:6-11.

13

41.    Objection. This statement is not a "fact" but, rather, is argument and need not be responded to, as it violates Your Honor's individual rules governing summary judgment motions.  Since this allegation is immaterial, subject to and without waiving the foregoing objections, this statement is not disputed.

42.    Objection. This statement is not a "fact" but, rather, is argument and need not be responded to, as it violates Your Honor's individual rules.  Since this allegation is immaterial, subject to the foregoing objections, not disputed.

43.    Objection. This statement is not a "fact" but, rather, is argument and need not be responded to, as it violates Your Honor's individual rules governing Rule 56 statements.  Since this allegation is immaterial, subject to and without waiving the foregoing objections, this statement is not disputed.

44.    Objection. This statement is not a "fact" but, rather, is argument and need not be responded to, as it violates Your Honor's individual rules.  Since this allegation is immaterial, subject to the foregoing objections, not disputed.

45.    Objection. This statement is not a "fact" but, rather, is argument and need not be responded to, as it violates Your Honor's individual rules.  Since this allegation is immaterial, subject to the foregoing objections, not disputed.

46.    Objection. This statement is not a "fact" but, rather, is argument and need not be responded to, as it violates Your Honor's individual rules.  Since this allegation is immaterial, subject to the foregoing objections, not disputed.

47.    Objection. This statement is not a "fact" but, rather, is argument and need not be responded to, as it violates Your Honor's individual rules.  Since this allegation is immaterial, subject to the foregoing objections, not disputed.

48.    Objection. This statement is not a "fact" but, rather, is argument and need not be responded to, as it violates Your Honor's individual rules.  Subject to and without waiving the foregoing objections, it is not disputed that Defendants provided the referenced documents as a part of their discovery responses, however, Plaintiff defers all questions to the Court pertaining to the admissibility and/or legal significance of any and all of the referenced documents.

49.    Objection. This statement is not a "fact" but, rather, is argument and need not be responded to, as it violates Your Honor's individual rules.  Subject to and without waiving the foregoing objections, it is not disputed that Defendants provided the referenced documents as a part of their discovery responses, however, Plaintiff defers all questions to the Court pertaining to the admissibility and/or legal significance of any and all of the referenced documents.

50.    Objection. This statement is not a "fact" but, rather, is argument and need not be responded to, as it violates Your Honor's individual rules.  Subject to the foregoing objections, it is not disputed that Defendants provided the referenced documents as a part of their discovery responses, however, Plaintiff defers all questions to the Court pertaining to the admissibility and/or legal significance of any

and all of the referenced documents.

51.     Objection. This statement is not a "fact" but, rather, is argument and need not be responded to, as it violates Your Honor's individual rules.  Since this allegation is immaterial, subject to the foregoing objections, not disputed.

52.     Objection. This statement is not a "fact" but, rather, is argument and need not be responded to, as it violates Your Honor's individual rules.  Since this allegation is immaterial, subject to the foregoing objections, not disputed.

53.     Objection. This statement is not a "fact" but, rather, is argument and need not be responded to, as it violates Your Honor's individual rules.  Since this allegation is immaterial, subject to the foregoing objections, not disputed.

54.     Objection. This statement is not a "fact" but, rather, is argument and need not be responded to, as it violates Your Honor's individual rules.  Since this allegation is immaterial, subject to the foregoing objections, not disputed.

55.     Objection.  This statement is not a statement of fact but, rather, is argument, and need not be responded to, as it violates Your Honor's individual rules. Subject to and without waiving the foregoing objections, Plaintiff testified that she did not recognize the original account number (*Dkt. No.* 42-2 at Dep. Tr. of Plaintiff, 22:3-21), did not recognize WebBank (*id.* at 23:8-17) and did not recognize the amount (*id.* at 23:18-21).  To date, Plaintiff does not recognize WebBank.  *Id.* at 28:1-8.  Plaintiff further disputes that she owes the claimed amount.  *Id.* at 30:3-11.

56.    Objection.  This statement is not a statement of fact but, rather, is argument, and need not be responded to, as it violates Your Honor's individual rules. Subject to and without waiving the foregoing objections, Plaintiff testified that she did not recognize the original account number (*Dkt. No.* 42-2 at Dep. Tr. of Plaintiff, 22:3-21), did not recognize WebBank (*id.* at 23:8-17) and did not recognize the amount (*id.* at 23:18-21).  To date, Plaintiff does not recognize WebBank.  *Id.* at 28:1-8.  Plaintiff further disputes that she owes the claimed amount.  *Id.* at 30:3-11.

57.    Objection.  This statement is not a statement of fact but, rather, is argument, and need not be responded to, as it violates Your Honor's individual rules. Subject to and without waiving the foregoing objections, Plaintiff testified that she did not recognize the original account number (*Dkt. No.* 42-2 at Dep. Tr. of Plaintiff, 22:3-21), did not recognize WebBank (*id.* at 23:8-17) and did not recognize the amount (*id.* at 23:18-21).  To date, Plaintiff does not recognize WebBank.  *Id.* at 28:1-8.  Plaintiff further disputes that she owes the claimed amount.  *Id.* at 30:3-11.

58.    Objection.  This statement is not a statement of fact but, rather, is argument, and need not be responded to, as it violates Your Honor's individual rules. Subject to and without waiving the foregoing objections, it is not disputed that Plaintiff could not recall with specificity the dates on which Defendants called her, however, she does recall having disputed the amount of the alleged Debt in at least one phone call (*Dkt. No.* 42-2 at Dep. Tr. of Plaintiff 30:6-11) and asked Defendants

17

to verify the amount of the alleged Debt, however, Defendants did not do so.  *Id.* at 35:4-25.

59.     Objection.  This is not a "material fact" within the meaning of Rule 56, insofar as the question of whether Plaintiff only answered one phone call has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt.  Accordingly, no response is required. *Anderson* 477 U.S. at 248.  Since this statement is immaterial, subject to and without waiving the foregoing objections, this statement is not disputed.

60.     Objection.  This is not a "material fact" within the meaning of Rule 56, insofar as the question of whether Plaintiff recalls receiving any voice mails from Defendants has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt.  Accordingly, no response is required. *Anderson* 477 U.S. at 248.  Since this statement is immaterial, subject to and without waiving the foregoing objections, this statement is not disputed.

61.     Objection.  This is not a "material fact" within the meaning of Rule 56, insofar as the question of whether Plaintiff called back the telephone number or only answered one phone call has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt.  Accordingly, no response is required. *Anderson* 477 U.S. at 248.  Since this statement is immaterial, subject to and without waiving the foregoing objections, this statement is not disputed.

62.     Objection.  This is not a "material fact" within the meaning of Rule 56, insofar as the question of whether Plaintiff could independently recall the telephone number from which Defendants called her some one year before her deposition has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt.  Accordingly, no response is required. *Anderson* 477 U.S. at 248.  Since this statement is immaterial, subject to and without waiving the foregoing objections, this statement is not disputed.

63.     Objection.  This is not a "material fact" within the meaning of Rule 56, insofar as the question of whether Plaintiff could independently recall the telephone number from which Defendants called her some one year before her deposition has no bearing on the question of whether Accelerated holds any legally cognizable interest in the alleged Debt.  Accordingly, no response is required. *Anderson* 477 U.S. at 248.  Since this statement is immaterial, subject to and without waiving the foregoing objections, this statement is not disputed.

64.     Disputed.  This statement misrepresents the cited testimony insofar as Plaintiff testified that the person who called her identified herself as being with Accelerated and stated that they were calling about the loan. *Dkt. No.* 42-2 at Dep. Tr. of Plaintiff at 33:2:15.

65.     Objection.  This is not a statement of fact but, rather is argument and need not be responded to.  Subject the foregoing objection, not disputed.

66. Disputed. The bulk Bill of Sale (*Def. Ex. A-1; Dkt. No.* 42-2 at 00005-00022) is insufficient as a matter of New York law. 22 NYCRR §§ 202.27-a; 208.14-a. The bulk bill of sale does not mention Plaintiff's loan by name or number. It purports to convey accounts on behalf of one hundred two (102) individual sellers. It bears the facsimile signature of an individual who purports to hold a power of attorney for such sellers, but, the power of attorney is not before the Court. Neither the bill of sale nor the redacted exhibit have been authenticated by WebBank.

67. Disputed. The bulk Bill of Sale (*Def. Ex. A-1; Dkt. No.* 42-2 at 00005-00022) is insufficient as a matter of New York law. 22 NYCRR §§ 202.27-a; 208.14-a. The bulk bill of sale does not mention Plaintiff's loan by name or number. It purports to convey accounts on behalf of one hundred two (102) individual sellers. It bears the facsimile signature of an individual who purports to hold a power of attorney for such sellers, but, the power of attorney is not before the Court. Neither the bill of sale nor the redacted exhibit have been authenticated by WebBank.

**BARSHAY SANDERS, PLLC**

Dated: June 28, 2021

  */s  Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Fifth Floor
Garden City, New York 11530
Telephone: (516) 203-7600
jcader@BarshaySanders.com
csanders@barshaysanders.com
*Attorneys for Plaintiff*

20

To: Shannon Miller, Esq. (*Pro Hac Vice*)
Maurice Wutscher, LLP
10 W. Front Street
Media, PA  19063
smiller@maurice wutscher.com
Attorney for Defendants