UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISABEL HERNANDEZ,                          No.: 8:20-cv-00873-WFJ-TGW

      Plaintiff,

v.

OLIPHANT FINANCIAL, LLC, and,
ACCELERATED INVENTORY
MANAGEMENT, LLC,

      Defendants.

_____/

## DEFENDANTS', OLIPHANT FINANCIAL, LLC AND ACCELERATED INVENTORY MANAGEMENT, LLC, REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants, Oliphant Financial, LLC ("Oliphant") and Accelerated Inventory Management, LLC ("Accelerated") (collectively the "Defendants") by and through their counsel, Maurice Wutscher, LLP, respectfully submit this Reply Memorandum of Law in support of their Motion for Summary Judgment pursuant to Local Rule 3.01(d) and Judge Jung's Courtroom Preferences.

## PROCEDURAL HISTORY

On or about June 7, 2021, the Defendants filed their Motion for Summary Judgment and incorporated Memorandum of Law ("MSJ"; *ECF No. 41*) and Statement of Undisputed Facts ("SUF"; *ECF No. 42*). Thereafter, the Plaintiff filed her Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Opposition"; *ECF No. 45*) and her Statement of Disputed Facts ("SDF"; *ECF No. 46*). Defendants now file their reply in support of the MSJ.

1

## ARGUMENT

### I.    SUMMARY OF THE ARGUMENT

In response to the MSJ, the Plaintiff makes two arguments in her Opposition – 1) that the evidence submitted by Defendants which reflects Accelerated's ownership of the Loan fails to demonstrate a complete chain of title of the Loan from WebBank to Accelerated and, as such, 2) the evidence would be insufficient in New York state courts to demonstrate Accelerated's standing in relation to the Loan *if* Accelerated had sought to sue the Plaintiff, in New York, to recover the Loan.

Plaintiff's interpretation of the documents the Defendants have produced is flawed and her argument regarding whether the evidence submitted is sufficient to obtain a judgment in New York state courts, had Accelerated even pursued suit on the Loan, is irrelevant to this Court's consideration of whether the Letter violate consumer protection statutes.

For these reasons, the Defendants' MSJ must be granted.

### II.    THE DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLAINTIFF'S CLAIMS

#### A.    THERE IS NO DISPUTE OF MATERIAL FACT THAT THE LETTER DID NOT VIOLATE THE FDCPA OR THE FCCPA

The basis of all the Plaintiff's claims as presented in her Complaint is that she does not owe the Loan to Accelerated. Without more, including any claims regarding the legitimacy of the Loan, the Loan's origins, or the Loan's balance, Plaintiff asserts it simply is not owed to Accelerated, and as such, the Letter

which was sent by Oliphant on Accelerated's behalf violates the FDCPA. *Complaint*, ¶¶ 57-59; 91. After her deposition, the Plaintiff's claims can be summarized as: because the Plaintiff did not recognize the Defendants when she received the Letter, she does not owe the Loan to Accelerated. *SUF*, ¶ 55.

However, now in her Opposition the Plaintiff suggests that the Defendants misinterpret her actual claims and instead offers that the Complaint "***clearly states*** that Plaintiff did not owe a debt of any kind to Accelerated because it holds no legally cognizable interest in any debt once owed by Plaintiff to WebBank." *Opposition*, p. 17 (emphasis added); see, also *Id.*, at p. 8 (same).

Initially, the absurdity of Plaintiff's suggestion as to what her real claims were is easily recognizable when one reads the Complaint which contains no allegations even remotely close to "clearly stat[ing]" that Accelerated holds no interest in the Loan.

Additionally, in this regard, the Plaintiff attempts, impermissibly, to shift the burden to Defendants, arguing that "[b]ecause the bulk bill of sale relied upon by Defendants fails to prove that WebBank...validly entered into any transaction with Accelerated, the Letter violates the applicable provisions of the FDCPA and the FCCPA." *Opposition*, ¶ 8. However, the burden is on Plaintiff; "[t]o prevail on an FDCPA claim, ***a plaintiff must prove*** that: ... (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Dunn v. Glob. Tr. Mgmt., LLC*, No. 8:19-cv-2223-WFJ-AEP, 2020 U.S. Dist. LEXIS 232217, at \*46 (M.D. Fla. Dec. 10, 2020) (emphasis added).

Regardless, Plaintiff's argument that Accelerated holds no title to the Loan fails as a matter of undisputed fact. Specifically, Plaintiff argues that the documents do not reflect the transfer of the Loan from WebBank to LendingClub, or that Plaintiff's Loan was identified in the chain of title, which makes Accelerated's claim to the Loan insufficient under New York law. *Opposition*, p.12.

This argument demonstrates that the Plaintiff did not even read and consider the evidence submitted by Defendants. Attached to the Defendants' SUF as Exhibit A-10 was the Certificate of Loan Sale which reflects the sale of a pool of loans from WebBank to LendingClub on or about January 2, 2019. Additionally, the Certificate of Loan Sale identifies the Loan as being in the pool assigned, identifying an "Acct No" "(redacted)5314" with a "Payoff Amt" of "$9,706.72" and an "Issued Date" of "11/9/2018". *See Certificate of Loan Sale* at bates label 3, 4. Similarly, the Bill of Sale, Exhibit A-1 to the SUF (reflecting the transfer of a pool of loans from LendingClub to Accelerated, at bates label 5-23) also identifies the Loan, referencing "Acct No" "(redacted)5314" with a "Payoff Amt" of "$9,706.72" and an "Issued Date" of "11/9/2018". *See Bill of Sale*, at bates label 24, 25.

This data is consistent with the information contained in the Loan Summary (Exhibit A-4 to the SUF, at bates label 54) and Plaintiff admits as much herself. *See, SUF,* ¶ 3 & *SDF*, ¶ 3; see also, *Exhibit F* to the *Plaintiff's Dep.* (Exhibit B-9 to the SUF) at Schedule E/F, § 4.10 (scheduling the Loan on the Plaintiff's Chapter 13 Bankruptcy Petition). This is also consistent with the

4

representations made by Defendants in the Letter. *See, Letter*, see also *SUF*, ¶¶ 18, 21, 22.

It appears the only evidence the Plaintiff offers for support that Accelerated did not own the Loan is that she allegedly "disputed" the Loan, but that neither Defendant provided validation of the Loan to her. *Opposition*, p. 8, see, also, *SDF*, ¶ 28, 38, 40. Initially, this argument contradicts Plaintiff's own discovery responses. *See, Pltfs. Response to RFAs*, # 11, Exhibit B-6 to the SUF. Additionally, while Defendants deny that any call took place during which the Plaintiff ever disputed the Loan, *see, SUF*, ¶ 28, validation is only required upon receipt of a "written" request for same, *see, § 1692g(a)(4)*. Here, Plaintiff does not allege any such written dispute was made, nor does the record reflect any such dispute. *See, Account Notes,* Exhibit A-11 to the SUF. Furthermore, the Opposition does nothing to explain how this allegation, if true, defeats the Defendants' MSJ.

As such, the Opposition fails to present to the Court any dispute of material fact which would require the Defendants' MSJ be denied. "When the moving party demonstrates an absence of evidence on a dispositive issue for which the nonmoving party bears the burden of proof at trial, the nonmoving party must then go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Coleman v. Starbucks Corp.*, 6:14-

5

cv-527-Orl-22TBS, 2015 U.S. Dist. LEXIS 141765, at *20-21 (M.D. Fla. Aug. 5, 2015)) (internal citation omitted). This, the Plaintiff wholly fails to do.

**B.   NEW YORK STATE EVIDENTIARY LAWS ARE NOT RELEVANT TO THE PLAINTIFF'S CLAIMS**

Instead of present contradictory evidence, the Plaintiff and her counsel now attempt to argue that, according to New York state law, the Defendants would not have sufficient evidence upon which they could successfully pursue a lawsuit against the Plaintiff to collect the Loan, although no such hypothetical suit has ever been filed. *Opposition*, p. 12-15. In this regard, and by suggesting that this has been her contention all along, *Opposition*, pp. 8, 17, Plaintiff's Complaint seems to be based on nothing more than a gamble that Accelerated, if put to the test, might not be able to prove an assignment to the standard required by New York state courts in collection litigation. *See, Opposition*, p. 8, supra. It is appalling that the Plaintiff would commence and maintain federal litigation in Florida based only upon a premise that 1) has never come to fruition[1] and 2) nevertheless would not make the Letter inaccurate merely because, at some later time, Accelerated lost a hypothetical lawsuit it filed in New York to collect the Loan.

First, Plaintiff's argument fails to appreciate that Utah law, rather than New York law, would apply to any hypothetical lawsuit brought by Accelerated to collect upon the Loan. *See, Borrower Agreement, § 19 Choice of Law,* attached as

---

[1] Indeed, could never either as Accelerated closed the Loan on January 19, 2020, *SUF*, ¶ and the Loan was subsequently discharged in Plaintiff's bankruptcy proceedings. *See Case No. 1-19-47809-cec, United States Bankruptcy Court for the Eastern District of New York.*

Exhibit A-2 to the SUF; *Note, <u>Controlling Law</u>*, attached as Exhibit A-3 to the SUF. Additionally, Plaintiff's argument was based upon her incomplete and flawed analysis of the documents produced by Defendants in support of their MSJ and demonstrating uncontroverted proof of Accelerated's ownership of the Loan. *See, Opposition*, p. 12. As such, on its face this argument fails.

Furthermore, "this is not a debt collection case; it is an FDCPA case […];" therefore, "[t]he 'special proof' required by New York law to establish a credit card account assignee's claim on the account does not apply." *Zambrana v. Pressler & Pressler, LLP*, No. 16-CV-2907 (VEC), 2016 U.S. Dist. LEXIS 166722, * 18, 2016 WL 7046820 (S.D.N.Y. Dec. 2, 2016); see, also, *Marcario v. Midland Credit Mgmt.*, No. 2:17-cv-414 (ADS)(ARL), 2017 U.S. Dist. LEXIS 175129, *7-8, 2017 WL 4792238 (E.D.N.Y. Oct. 23, 2017). In *Marcario*, Judge Spatt noted "that the Plaintiff cites an incorrect standard of proof in his opposition memorandum. The New York State cases he cites are not FDCPA cases; they are debt collection cases, where the procedural posture of the parties requires a different standard. This is not the first time a court in this Circuit has noted Plaintiff's counsel's improper citations in this context." *Id.* (citing *Zambrano*, 2017 U.S. Dist. LEXIS 175129 at *7-8, 2017 WL 4792238 at *6).

More recently, this same argument was raised by Plaintiff's counsel and rejected in relation to identical allegations as those the Paintiff has pursued before this Court, on a motion to dismiss in *Johnson v. Cawley & Bergmann, LLC*, 2021 U.S. Dist. LEXIS 68855, *9-10 (E.D.N.Y. Mar. 31, 2021) ("Plaintiff's

argument that N.Y. Comp. Codes R. & Regs. tit. 22, §§ 202.27-a and 208.14-a require Defendants to prove that the debt transferred from Citibank to JHPDE is without merit. There is no such burden of proof required in FDCPA cases."), and on summary judgment in *Parker v. Mandarich Law Grp.*, LLP, No. 19-CV-6313, 2021 U.S. Dist. LEXIS 108197 (E.D.N.Y. June 9, 2021), at n. 6 ("Plaintiff also describes the evidentiary standards for obtaining default judgments in New York state court as an analogous standard for the court to consider when assessing plaintiff's FDCPA claims. This court has previously rejected substantially similar arguments in a case involving similar claims (and the same plaintiff's firm) … Similarly, here, the court declines to incorporate state law provisions into the FDCPA.")

This is at least the fifth time that Plaintiff's counsel has improperly and unsuccessfully attempted to apply the New York debt-collection litigation evidentiary standards in an FDCPA case. Given New York's own Courts' ***repeated*** refusal to entertain this argument, this Court should hold no different.

## CONCLUSION

For the foregoing reasons, Defendants, Oliphant Financial, LLC and Accelerated Inventory Management, LLC respectfully request that this Court grant their MSJ and enter judgment in their favor and against Plaintiff.

Date: July 6, 2021          Respectfully submitted,

                              **ACCELERATED INVENTORY MANAGEMENT, LLC** AND **OLIPHANT FINANCIAL, LLC**

8

<u>s/ Shannon Miller</u>
Shannon Miller, Esq. (*Pro Hac Vice*)
Maurice Wutscher, LLP
Attorneys for Defendants
10 W. Front Street
Media, PA 19063
smiller@mauricewutscher.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct of the foregoing was served on this date electronically on all parties of record.

<u>/s/ Shannon Miller</u>
Shannon Miller

Date: July 6, 2021

9