**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Isabel Hernandez,

      Plaintiff,

      v.                 Case No: 8:20-00873-WFJ-TGW

Oliphant Financial, LLC and Accelerated
Inventory Management, LLC,

      Defendants.

-----------------------------------------------/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Plaintiff Isabel Hernandez, ("*Plaintiff*"), by and through her undersigned counsel, hereby submits the following memorandum in opposition to the motion of Defendants Oliphant Financial, LLC ("*Oliphant*") and Accelerated Inventory Management, LLC ("*Accelerated*") (collectively, "*Defendants*") for an award of attorneys' fees and expenses as a sanction pursuant to 28 U.S.C. § 1927, Fed. R. Civ. Pro. 11 and/or 15 U.S.C. § 1692k(a)(3).

## I.    INTRODUCTION

Defendants' motion for sanctions should be denied insofar as it is based on little more than an inaccurate statement of facts and gratuitous, *ad hominem* attacks. When stripped of its inflammatory rhetoric, Defendants' argument is essentially twofold. <u>First</u>, Defendants argue that Plaintiff knew (or should have known) that her

1

claims were deficient from inception.  Second, Defendants argue that Plaintiff's refusal to withdraw her opposition to Defendants' motion for summary judgment, which was the only action sought by Defendant in their safe-harbor submission to Plaintiff under Rule 11, supposedly served to "multiply the proceedings" and purportedly stands as proof that this action was brought for the sole purpose of harassing Defendants.  These arguments are without merit.

As to the first point, at the time this action was commenced, there were no adverse decisions on the claims advanced herein, from this (or any other) Court. Indeed, the first decision rejecting the theory of liability set forth in the Complaint did not issue until approximately one year after this case had been filed.  That decision was issued by a Court in the Eastern District of New York and is not binding on this Court.  Moreover, there were other motions pending at that time upon which decisions had not been issued and which may have decided the issue differently. Although they did not, only one other decision had been issued (also by the Eastern District of New York) while this matter remained *sub judice* before this Court.  To date, Your Honor's decision is the only one in this District (or Circuit) to have considered the argument.  Therefore, there is no basis for Defendants' contention that the claims herein lacked merit *ab initio.* While they were ultimately unsuccessful, that is not the metric for an award of sanction.

As to the second point, Defendants did not make their demand that Plaintiff

2

withdraw her opposition to the motion for summary judgment (and/or dismiss this case) until *after* the motion for summary judgment was fully briefed. Stated otherwise, the case had been fully litigated at the time Defendants' demand was first made with the only event potentially remaining being the argument of the motion. As a result, there were no "proceedings" to have been "multiplied" after Defendants' demand was made. That the Court ultimately found the decisions to have issued from the Eastern District of New York to be persuasive for their reasoning does not change this fact, as this Court may have properly found no authority on point in this Circuit and could have concluded that the New York State courts would have applied the law differently.

Most importantly, however, is the fact that the Court's decision found the theory of the case to be "specious,"[1] but stopped short of finding that the claims were "frivolous." Plaintiff and the undersigned do not offer this argument flippantly, as they take little solace in the Court's commentary. That being said, critically, bad faith and/or frivolity are the touchstones of an award of sanctions under the theories offered by Defendants. Here, although the Court clearly conveyed its opinion of the theories espoused, it did not find bad faith or frivolity.

As will be set forth more fully herein, sanctions are only warranted when the

---

[1]    Notably, while the word "specious" appears only once in the Court's decision, it appears throughout Defendants' motion.

conduct is particularly egregious, but are not to be imposed where such penalty would deter a party or counsel for making a good faith argument for the extension, modification or change of the law. In other words, they are not the routine outcome of an adverse decision but are warranted only in the extreme cases.

Here, the Court's admonishment is sufficient to convey the message it intended to convey. That is particularly so where, as here, Defendants' demand for dismissal did not come until after the case had been fully litigated and a summary judgment motion had been fully briefed. According to Defendants, this should result in a binary outcome. Either they are entitled to all fees incurred from the inception of this case, or, if Plaintiff is correct, they are entitled to none. While Plaintiff believes the latter determination should be correct, especially given the timing of Defendant's demand being made at the very end of the case, Plaintiff nonetheless recognizes that the Court may find that the outcome is neither black nor while. In this regard, it is respectfully submitted that the Court should evaluate Defendants' motion for both what it says—as well as for what it does not. More specifically, while Defendants now argue that there were earlier points at which Plaintiff should have offered to dismiss this case, Defendants repeatedly retreat from or otherwise contradict this contention. Further, Defendant's conduct in defending this case in the manner in which they did does not support a demand for sanctions from inception (e.g. Defendant waited until after fully briefing the case to send its Rule 11 letter).

4

As a result, to the extent that the Court should find that any sanction is warranted, which Plaintiff verily believes should not be the case, the point in time from which that determination should be made is from the date on which Defendants' demand for dismissal was made (July 2, 2021), and should award only fees arising thereafter.

## II.    THE CLAIMS ADVANCED IN THIS CASE WERE NOT FRIVOLOUS

The primary argument advanced by Defendants in this action is that the instant lawsuit was purportedly "frivolous from its inception." Defendants' argument is based on the contention that Plaintiff's allegations that she never conducted business with Advanced are irrelevant because the Letter does not make that claim. Continuing, Defendants argue that the Letter identifies Advanced as the purchaser of Plaintiff's Webbank account and, therefore, the Letter was not deceptive on its face. Defendant also argues that the claims were purportedly frivolous because Plaintiff did not dispute owing a debt to Webbank and did not otherwise produce evidence to show that the amount of the alleged Debt was incorrect.

Defendants' argument should be rejected insofar as it mischaracterizes both the factual and legal predicate for Plaintiff's claims. More specifically, Plaintiff did not dispute owing a debt to Webbank. Instead, Plaintiff argued that she did not owe any debt to Advanced because Advanced did not hold any legally cognizable right, title or interest in Plaintiff's Webbank account. The allegations stating that Plaintiff never contracted directly with Advanced were pled in the alternative, serving to

5

illustrate that there was no other independent basis for Oliphant to have claimed that Plaintiff owed a debt to Advanced.

Plaintiff is not seeking to reargue these points, as the Court already decided the issue when it granted summary judgment to Defendants.  Instead, Plaintiff merely wishes to correct the record with respect to Defendants' description of the bases of Plaintiff's Complaint.  The issue was not whether Plaintiff owed a debt to Webbank.  The issue was whether the bulk bills of sale held by Advanced were sufficient to show its ownership of the alleged Debt under New York law.  They are not, and the Court did not hold as much.  Instead, the Court found that the New York Rules and Regulations pertaining to the specific materials a debt buyer must produce to proceed with an action-at-law to collect a debt that did not originate with it are not implicated where, as here, the challenged paper is a debt collection *letter.*

However, the fact is that there were no decisions adverse to the claims advanced herein existing at the time that this case was filed.  To the contrary, the first adverse decision did not issue until approximately one year after this case was filed and, as of today, Your Honor's decision is the only one issued in this Circuit on this particular theory.  That Your Honor disagreed with Plaintiff does not make this action frivolous—let alone frivolous from inception.  That is particularly so, since the case law developed *after* summary judgment briefing here was complete. Simply, losing the case cannot a basis for a sanction.

### III.   <u>SANCTIONS ARE NOT WARRANTED UNDER FCCPA § 559.77</u>

In the first prong of their argument, Defendants argue that they are entitled to recover attorneys' fees and costs under FCCPA § 559.77(2) under the holding in *Burgos v. SunTrust Bank, N.A.*, No. 13-21197-CIV, 2020 WL 2299937 (S.D. Fla. Mar. 31, 2020), *report and recommendation adopted*, No. 13-21197-CIV, 2020 WL 2299936 (S.D. Fla. May 7, 2020) which, according to Defendants, stands for the premise that "a defendant to an FCCPA claim may recover its reasonable attorney's fees [from the plaintiff] if the plaintiff's suit 'fails to raise a justiciable issue of law or fact.'"  <u>Def. Mem. at p. 5</u>.  A claim will fail to raise a justiciable issue of law or fact <u>only</u> where the claims are found to be "frivolous."  *Burgos,* 2020 WL 2299937 at *4 (citing *DeBoskey v. SunTrust Mortg., Inc.*, 2018 WL 6168125, at *2 (M.D. Fla. Nov. 26, 2018)) (underline added).

Defendants' reliance on *Burgos* is misplaced, to the extent that it supports Plaintiff's position, not Defendants'.  More specifically, the determination that a case is frivolous "must be assessed at the outset of the lawsuit."  *Burgos,* 2020 WL 2299937 at *5 (citing *Abby v. Paige*, No. 10-23589-CIV, 2013 WL 12246348, at *4 (S.D. Fla. Aug. 2, 2013), *report and recommendation adopted*, No. 10-23589-CIV, 2013 WL 12246349 (S.D. Fla. Oct. 1, 2013)).  Critically to this point, Courts have repeatedly held that "subsequent developments which render the claim or the defense to be without justiciable issue in law or fact should not subject the losing

party to attorney's fees." *JES Properties, Inc. v. USA Equestrian, Inc.*, 432 F. Supp. 2d 1283, 1290 (M.D. Fla. 2006) (quoting *Murphy v. WISU Properties, Ltd.*, 895 So.2d 1088, 1094 (Fla. 3d DCA 2004)). To satisfy this standard, "[t]he trial court must make a specific finding of 'complete absence of a justiciable issue of either law or fact' or face reversal or remand on the award of attorney's fees." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1508 (11th Cir. 1985) (citing *Whitten v. Progressive Casualty Insurance Co.*, 410 So.2d 501, 505 (Fla. 1982); *Apgar & Markham Construction v. Macasphalt, Inc.*, 424 So.2d 41 (Fla.Dist.Ct. App. 1982); *Burger King Corp. v. Mason*, 710 F.2d 1480 (11th Cir. 1983)).

In this case, Defendants do not make such an argument, because they cannot. As was stated above, at the time that this action was commenced, there were no adverse decisions on the theory espoused herein from this or any other Court. Instead, Defendants' argument rests on the Court's observation that "Plaintiff's counsel has repeatedly made this argument" and that it has consistently been "tartly rejected." Def. Mem. at p. 7 (citing MSJ Order (*Dkt.* No. 54 at pp. 9-10)). While the undersigned counsel fully appreciates the gravity of the message the Court intended to convey, it does not alter the fact that the Court did not find that this case was frivolous at the time of filing within the meaning of Eleventh Circuit law. Indeed, it cannot. More specifically, the cases cited by the Court for this premise were *Johnson v. Cawley & Bergmann, LLC*, 2021 U.S. Dist. LEXIS 68855

8

(E.D.N.Y. Mar. 3, 2021) (Westlaw citation unavailable); *Parker v. Mandarich Law Group, LLP*, No. 19-CV-6313, 2021 WL 2351177 (E.D.N.Y. June 9, 2021); *Danese v. Credit Control, LLC* et. al., 21-cv-435) (no published decision); *Marcario v. Midland Credit Mgmt., Inc.*, 2017 WL 4792238 (E.D.N.Y. Oct. 3, 2017); and *Zambrana v. Pressler & Pressler, LLP*, 2016 WL 7046820 (S.D.N.Y. Dec. 2, 2016).

None of these decisions stand for the premise that the claims were not viable *at inception.* To the contrary, the decision in *Johnson* was not issued until approximately one year after this case was filed, and the decision in *Parker* was not issued until after summary judgment briefing had commenced. With respect to *Danse,* the Court's Order does not reference a date for the citation, and there are no written decisions in that case. To the extent that the citation is intended to reference the discussion held on the record on April 23, 2021, it would also post-date the filing of this case by more than a year. Further, the Court in *Danese* informally stated that it would be inclined to grant summary judgment to the debt collectors therein, if certain deficiencies in the summary judgment briefing were cured. The case was thereafter discontinued by stipulation of the parties.

Finally, while the decisions in *Marcario* and *Zambrana* did pre-date the commencement of this case, the questions presented in those cases was whether a subsequent assignee of an original debt could enforce an arbitration agreement set forth in the putative credit agreement. While these cases did present arguments

9

based on New York law, they did not turn upon a question of whether a debt buyer must satisfy the requirements set forth in 22 NYCRR § 202.27-a and/or § 208.14-a to prove their chain of title.

In light of the foregoing, the only cases cited by Defendants or the Court for the premise that this case lacked merit are decisions which post-dated the commencement of this action.  Again, while both Plaintiff and the undersigned are fully aware of the admonishment set forth in this Court's decision granting summary judgment to Plaintiff, there was no finding that these claims lacked legal support at the time the action was commenced—so as to render them "frivolous" within the standard set forth by the Eleventh Circuit.  Accordingly, Defendants are not entitled to sanctions under FCCPA § 559.77(2).   To the extent that the Court were to find otherwise, despite not holding in the summary judgment Order that the case was "frivolous" upon filing, it is respectfully submitted that any relief awarded to Defendants should be measured from the time of demand for dismissal in the Rule 11 letter—which demand was based on post-filing decisions from Courts without this District that found claims similar to those advanced herein to legally misguided.

## IV.  <u>SANCTIONS ARE NOT WARRANTED UNDER 28 U.S.C. § 1927</u>

In the next prong of their motion, Defendants ask this Court to impose sanctions under § 1927 for essentially the same reasons as articulated above. Defendants' argument should fail, insofar as they ignore the standard that "[t]he law

10

imposes a relatively high bar to sanction an attorney for his or her litigation choices, recognizing that attorneys should not generally 'be required to risk personal liability merely for acting in a representational capacity or for seeking to place a client in a more favorable litigation posture'." *Peer v. Liberty Life Assurance Co. of Bos.*, 992 F.3d 1258, 1265 (11th Cir. 2021).   For a sanctions award to be appropriate, "something more than a lack of merit is required" because § 1927 "was designed to sanction attorneys who willfully abuse the judicial process by conduct tantamount to bad faith." *Lacayo v. Puerta de Palmas Condo. Ass'n Inc.*, 842 F. App'x 378, 382 (11th Cir. 2021) (quoting *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003).  To this end, "[b]ad faith is the touchstone by which conduct is measured. *Id.* Mere negligence is not enough."  *Coleman v. Oasis Outsourcing, Inc.*, 779 F. App'x 649, 653 (11th Cir. 2019).  "Thus, an attorney's conduct must be <u>particularly</u> <u>egregious</u> to warrant the imposition of sanctions."  *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007) (emphasis added).  Further to this point, a finding that the contentions advanced may appear to be "meritless" or "ill-conceived" does not equate to a finding that the actions were pursued merely for the purpose of harassment or delay or with any subjectively vexatious intent." *Cornelius v. Wells Fargo Bank, N.A.*, 447 F. App'x 954, 956 (11th Cir. 2011).

Notwithstanding the "high bar" to award sanctions under § 1927, Defendants argue that sanctions are warranted because "when it becomes apparent that

11

discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." Def. Mem. at p. 13 (citing *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991)).  Defendants' reliance on *Avirgan* is misplaced, because *Avirgan* shows a course of sanctionable conduct going far beyond anything alleged herein.  More specifically, in *Avirgan,* the Eleventh Circuit found that the attorneys for the plaintiffs "must have known prior to suing that they had no competent evidence to substantiate the theories alleged in their complaint." *Avirgan,* 932 F.2d at 1581.  That is because the complaint in *Avirgan* identified seventy-nine witnesses by number only, but not by name.  The plaintiff's counsel refused to identify the names and addresses of the vast majority of those witnesses until ordered to do so by the court, which refusal the Court found "prevented the defendants from taking depositions of these witnesses, and delayed orderly discovery for many months." *Id.* at 1581. The Court then found the reason for such refusal was that many of the witnesses were unknown to the plaintiffs or to counsel, and others flatly denied the veracity of statements attributed to them.  In other instances, the Court found that the statements would be hearsay and inadmissible at trial.  Under those circumstances, the Court was not wrong in finding plainly obstructionary conduct sufficient to meet the type of egregious conduct warranting § 1927 sanctions.

Here, there are no such circumstances.  More specifically, Defendants argue that Plaintiff failed to produce (or otherwise obtain) any evidence in discovery to

12

substantiate her claims, however, this is not true.  In discovery, Plaintiff demanded that Defendants produce documents showing a proper chain of title from Webbank to Accelerated.  In response, Defendants produced only bulk bills of sale bearing the facsimile signature of approximately one hundred three (103) different sellers, without any documentation showing that Plaintiff's particular account was intended to be sold by any of the original lenders.  Plaintiff argued that such proffer is insufficient under New York law to show ownership of her alleged Debt by Accelerated.  That the Court did not agree with Plaintiff and held that the particular provisions of the NYCRR did not apply to a dunning letter under the FDCPA does not equate to a finding that such documentation would be nonetheless deficient under New York law, or that the claims were so completely without merit as to warrant the imposition of sanctions under § 1927.

This point is further borne out by Defendants' citation to the decision in *Rosenberg v. Frontline Asset Strategies, LLC*, No. 21-CV-0175 (BMC), 2021 WL 3617672 (E.D.N.Y. Aug. 16, 2021), issued after this Court's decision in this case. In *Rosenberg,* the Court declined to impose § 1927 sanctions on the grounds that the claims were not frivolous, even if they were found to be not meritorious.  As a result, the Court found that 'plaintiffs' counsel has therefore not violated any ethical rule in advancing such arguments.' *Id.* at *6.  That said, the Court suggested that counsel "exercise caution" in advancing similar claims in future or pending cases, as "the

13

well from which plaintiffs' counsel is seeking to draw is not bottomless" and that 'a point in time may come when making the same arguments may cross that line.' *Id.* at *7. Seeking to capitalize on the court's comment in *Rosenberg,* Defendants suggest to this Court that "the well has dried up" and now is the time for the sanctions to be awarded.  Defendants are wrong for a number of reasons, not the least of which is that the argument is temporally erroneous.  More specifically, the Court's opinion in *Rosenberg* did not issue until more than a month after the summary judgment motion had been fully briefed in this case, as well as after this Court issued its decision granting summary judgment to Defendants.

Of equal importance is Judge Cogan's prefatory statement in *Rosenberg,* noting that "any individual judge may have a change of mind on a previously decided issue" (*Rosenberg,* 2021 WL 3617672 at *6) and that the theories advanced do not become patently frivolous until the "Circuit or the Supreme Court has rejected them." *Id.*  Here, there were no decisions issued on this theory from this District— let alone from the Eleventh Circuit.  To the contrary, this Court was the first within this District or Circuit to have considered the arguments advanced herein.  This argument is not advanced callously, nor is it intended to suggest that Plaintiff and counsel do not understand the Court's caution against proceeding with similar claims in the future.  Instead, it is offered to show that the claims were not frivolous. The fact that the Court found such claims to have advanced a "specious" legal theory at

the conclusion of this case does not equate to a finding that the claims were prosecuted in bad faith—a condition precedent to the award of sanctions under § 1927 – or that they were frivolous at inception.

As with the above, Defendants vacillate as to the point in time at which Plaintiff and/or counsel purportedly should have offered to dismiss this case. To this end, if the Court is to find that any sanction is warranted, it should limit such sanction to an award of fees incurred only after the demand for dismissal was made.

## V.      SANCTIONS ARE NOT WARRANTED UNDER 15 U.S.C. § 1692k

In the next prong of their motion, Defendants ask this Court to award fees to their counsel pursuant to § 1692k(a)(3) on the grounds that a "district court may award attorney's fees to a defendant in an FDCPA case if it finds that the plaintiff brought the action in bad faith and to harass the defendant." Def. Mem. at p. 17 (citing *Diaz v. First Marblehead Corp.*, 643 F. App'x 916, 924 (11th Cir. 2016)). While Plaintiff does not disagree with the standard set forth in *Diaz,* that an award of attorneys' fees to a defendant in an FDCPA action may be warranted if the Court finds that the consumer brought the action in bad faith and to harass the defendant, she nonetheless posits that no such finding was made in this case.

As the Supreme Court has held, a debt collector is not entitled to costs and fees under § 1692k(a)(3) absent a finding that the consumer brought her FDCPA action against the debt collector in bad faith. *Marx v. Gen. Revenue Corp.*, 568 U.S.

15

371, 380, 133 S. Ct. 1166, 1174, 185 L. Ed. 2d 242 (2013).  While the authority on awarding fees to a prevailing defendant in this District is scant, it appears to require facts and/or circumstances that are similarly egregious to the examples cited above. *See, e.g., Diaz, supra* (finding reverse fees to be appropriate where counsel repeatedly filed FDCPA actions against loan servicers who were not "debt collectors" within the meaning of the FDCPA); *Tucker v. CBE Grp., Inc.*, 710 F.Supp.2d 1301 (M.D.Fla. 2010) (finding that the consumer likely altered evidence in an effort to support his claims); *Gillis v. Deutsche Bank Tr. Co. Americas*, No. 2:14-CV-418-FTM-38CM, 2016 WL 551765, at *3 (M.D. Fla. Jan. 26, 2016), report and recommendation adopted sub nom. *Gillis v. Deutsche Bank Tr. Co.*, No. 2:14-CV-418-FTM-38CM, 2016 WL 540300 (M.D. Fla. Feb. 11, 2016) (citing *Scroggin v. Credit Bureau of Jonesboro, Inc.*, 973 F.Supp.2d 961, 984 (E.D.Ark.2013), aff'd, 576 F. App'x 632 (8th Cir. 2014) (plaintiff admitting that he intended "to run up the other sides legal bills and be a complete nightmare").

In *Gillis,* Judge Mirando observed that "[t]he standard for an award of attorney's fees [to a prevailing defendant] under 15 U.S.C. § 1692k(a)(3) is two-pronged; <u>Defendants must affirmatively show</u> that Plaintiff acted in bad faith *and* for the purpose of harassment."  *Gillis*, 2016 WL 551765, at *4 (underline added) (italics in original).  The discussion in *Gillis* is particularly persuasive, insofar as the Court found the question of whether the consumer instituted this action in bad faith

16

and for the purpose of harassing the defendants to be a "close call."  This was true even if the Court were to have found that the consumer should have known his claim was meritless after a first dismissal Order was entered; that is because the Court found "there is no evidence that Plaintiff instituted the action for the purpose of harassment." *Gillis*, 2016 WL 551765, at *4.

In this case, there was no "first dismissal Order."  Further, while the Court's Order granting summary judgment to Defendants found the claims to be "specious," it did not find that either Plaintiff or counsel acted in bad faith or for the sole purpose of harassment.  This is significant because, even if the Court's decision can be interpreted to mean that the claims advanced in this case present a "close call" on the question as to the merits, absent an affirmative showing of bad faith or harassment, sanctions are not warranted because "§ 1692k(a)(3) has a heightened standard in that it is not enough for a defendant to merely be a prevailing party." *Id.* citing *Heald v. Ocwen Loan Servicing, LLC*, No. 3:13-CV-993-J-34JRK, 2014 WL 4639410, at *6 (M.D. Fla. Sept. 16, 2014); *Acosta v. Campbell*, No. 6:04-CV-761ORL28DAB, 2009 WL 4639704, at *8-9 (M.D. Fla. Dec. 4, 2009); *Derbin v. Keith M. Nathanson, PLLC*, No. 2:12-CV-670-FTM-29, 2013 WL 5490176, at *3-4 (M.D. Fla. Sept. 30, 2013); *Wilson v. Transworld Sys., Inc.*, No. 5:00-CV-135-OC-10GRJ, 2003 WL 21488206, at *1 (M.D. Fla. June 10, 2003).

Clearly, while neither Plaintiff nor the undersigned counsel take any pride in

17

the Court's opinion of the claims set forth herein, a finding that the claims were "specious" does not equate to a finding that they were brought in bad faith *and* for the sole purpose of harassing Defendants.  Unless Defendants can show otherwise, which they have not, the heightened standard for an award of sanctions has simply not been met, merely because Defendants' counsel has artfully employed the use of inflammatory rhetoric in the current motion.

## VI.    SANCTIONS UNDER RULE 11 ARE NOT WARRANTED

In the final prong of their motion, Defendants argue that they should be awarded sanctions under Rule 11 of the Federal Rules of Civil Procedure and/or under Fla. Stat. § 57.105.  Defendants do not offer any support for this one-paragraph argument but, instead, base this demand by incorporating the arguments advanced elsewhere in their brief.  To this end, Plaintiff incorporates the arguments articulated *infra,* but notes that the Eleventh Circuit has held that "Rule 11 [is not] intended to chill innovative theories and vigorous advocacy that bring about vital and positive changes in the law. The rule should not be used to deter potentially controversial or unpopular suits. It does not mean the end of doctrinal development, novel legal arguments, or cases of first impression." *Donaldson v. Clark*, 819 F.2d 1551, 1561 (11th Cir. 1987).

That is precisely the case here. While this Court arguably found the instant case to be "unpopular" or potentially controversial or, perhaps, requiring legislation

18

from the bench, the fact remains that Rule 11 sanctions are not to be used to deter litigants from advancing "nonfrivolous argument[s] for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. Pro. 11(a)(2). Critically to this point, while the Court found the arguments to be either reaching or specious, it did not find them to be frivolous.  Absent such a finding, sanctions under Rule 11 are not warranted.

Further, even if Rule 11 sanctions were found to be appropriate, they would only be available for the extremely limited amount of billing that occurred after the safe-harbor elapsed which, in this case, would be limited to the time involved in the oral argument of the motion alone and certainly not from the inception of the case as has been claimed by Defendants.

## VII.  THE COSTS AND FEES SOUGHTY BY DEFENDANT ARE NOT REASONABLE

In the final prong of their motion, Defendants argue that the costs and fees they seek are reasonable under the "lodestar method."  While Plaintiff does not dispute the contention that the "lodestar calculation" ordinarily results in a presumptively valid calculation of the time and rates sought to be charged by a party under a fee-shifting statute (see, e.g., *Moton v. Nathan & Nathan, P.C.*, 297 F. App'x 930, 932 (11th Cir. 2008)), she nonetheless contends that Defendants' application fails in this regard.  That is because the application filed by Defendants seeks to

19

recover all costs and fees retroactively to the inception of this action.  This request is plainly at odds with the bases upon which Defendants bring this application.

More specifically, the triggering event to which Defendants cite as the predicate for bringing this motion is their letter of July 2, 2021, which served their putative Rule 11 motion.  *Dkt. No.* 57-1.  Because Defendants' letter demanded that Plaintiff withdraw her opposition to the motion for summary judgment, the only fees to which Defendants could arguably be entitled would be those incurred post-demand.  However, because the Court did not find (and Defendants have otherwise not shown) both bad faith *and* an intent to harass (either on the part of Plaintiff or counsel), the motion should be denied.  This would also be the case with the other theories advanced by Defendant as absent express evidence of an intent to harass by Plaintiff under §1692k, all of the other theories would allow for sanctions only after the crossing of the proverbial line in the sand where Defendant could establish that Plaintiff's continuation of the litigation was premised solely on bad faith and not, as billed by Defendant, from inception.

As a final note, the amount sought by Defendant is clearly excessive based on what they have described as an open and shut simple case that Plaintiff should have recognized as being frivolous.  Stated otherwise, it should not have required 175 hours of legal work from three highly experienced attorneys to defend this case if it was as meritless as Defendants now seek to characterize it.

20

## CONCLUSION

For all the reasons set forth herein, it is respectfully submitted that cause exists to deny Defendants' motion in its entirety, together with such other and further relief as this Court deems just, appropriate and proper.  Alternatively, if the Court is to find that Defendants' application does not require a binary outcome, it is respectfully submitted that the Court should award only those costs and fees incurred after the Rule 11 letter demanding dismissal was made on July 2, 2021.

Dated:        September 20, 2021

Respectfully submitted,

**BARSHAY SANDERS, PLLC**

By:   *Craig B. Sanders, Esq.*
      Craig B. Sanders (Fla Bar 0985686)
      100 Garden City Plaza, Suite 500
      Garden City, New York 11530
      Tel: (516) 203-7600
      csanders@barshaysanders.com
      *Attorneys for Plaintiff*