**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

Isabel Hernandez,

       Plaintiff,

       v.                Case No: 8:20-00873-WFJ-TGW

Oliphant Financial, LLC and Accelerated
Inventory Management, LLC,

       Defendants.

-----------------------------------------------/

**PLAINTIFF'S RESPONSE TO COURT'S TEXT ORDER DATED
SEPTEMBER 21, 2021, SEEKING CLARIFICATION AS TO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS**

Plaintiff Isabel Hernandez, ("*Plaintiff*"), by and through her undersigned counsel, hereby submits the following in response to the Court's text only Order dated September 21, 2021, directing Plaintiff to clarify the statements made in her opposition to Defendants' motion for sanctions (*opposition at Dkt. No.* 58) concerning the date of Defendants' demand for dismissal of the instant case.

The Court's Order states that it is the Court's understanding that the "Rule 11 letter" sent in this case was dated January 28, 2021 (referring to *Dkt. No.* 42-3). The letter appearing at Exhibit "A" of *Dkt. No.* 42-3 was not sent in this case. Instead, the letter was sent in the matter of *Macius v. Oliphant Financial, LLC* (Case No. 8:20-cv-00752-JSM-TGW. *See Dkt. No.* 42-3.

1

Although a similar letter was sent in this case (transmitted by email on February 4, 2021, enclosing a letter dated January 28, 2021), the primary basis for Defendants' demand was that Plaintiff purportedly lacked standing under the Eleventh Circuit's then-recent decision in *Trichell v. Midland Credit Mgmt.*, 964 F.3d 990 (11th Cir. 2020)[1]. It is also relevant to note that the letter dated January 28, 2021 (and sent of February 4, 2021) was not accompanied by any proposed Rule 11 motion. Instead, the letter stated that if Plaintiff did not dismiss the case by February 4, 2021, a draft Rule 11 motion *would be* sent.

Upon receipt of this letter, Plaintiff requested an enlargement of time to respond to same until February 10, 2021. Counsel for Defendants consented. Thereafter, Plaintiff requested counsel's consent to file a motion for leave to amend the Complaint to cure the deficiencies alleged in the letter. Counsel for Defendants consented, and Plaintiff filed her unopposed motion to amend on February 12, 2021. *Dkt. No.* 23. The Court granted the unopposed motion on February 14, 2021 (*text only Order*), and the amended Complaint was filed the following day. *Dkt. No.* 26,

---

[1]    While the January letter also demanded that the case be dismissed because the claims were purported "identical" to those in *Greifman v. Cawley & Bergmann, LLC*, No. 18-CV-08784(NSR), 2019 WL 1533292 (S.D.N.Y. Apr. 9, 2019), they were not. While the claims in this Complaint share many common allegations as those in *Greifman,* the plaintiff in *Greifman* did not argue that the documentation offered by the defendant(s) was insufficient as a matter of New York law under 22 NYCRR § 202.27-a and/or § 208.14-a, as Plaintiff does here. Further, *Greifman* was settled after a motion for reconsideration was filed.

2

*et seq.* Thereafter, the case proceeded through a normal progression of discovery and dispositive motion practice.

The letter which forms the basis of the application presently before the Court was dated July 2, 2021. This letter is an exhibit to Defendants' current motion and appears as *Dkt. No.* 57-1. It was this letter which forwarded Defendants' proposed Rule 11 motion and demanded that Plaintiff withdraw her already filed opposition to the then-pending motion for summary judgment. *See id.*

By consenting to Plaintiff's filing of the amended Complaint, it is respectfully submitted that Defendants abandoned the demand set forth in the January 28 letter, and did not renew any such demand until July 2, 2021, when they sent the letter and draft motion which form the basis of the application presently before the Court.

Dated:          September 22, 2021

                            Respectfully submitted,

                            **BARSHAY SANDERS, PLLC**

By:   *Craig B. Sanders, Esq.*
       Craig B. Sanders (Fla Bar 0985686)
       100 Garden City Plaza, Suite 500
       Garden City, New York 11530
       Tel: (516) 203-7600
       csanders@barshaysanders.com
       *Attorneys for Plaintiff*