# EXHIBIT
# B

# MauriceWutscher

**Christopher P. Hahn**

Maurice Wutscher LLP
2455 Glades Road
Suite 324A
Boca Raton, Florida 33431

(772) 237-3410 direct
(866) 581-9302 fax
chahn@MauriceWutscher.com
Admitted only in FL

ATLANTA
AUSTIN
BIRMINGHAM
BOCA RATON
BOSTON
CHICAGO
CINCINNATI
CLEVELAND
DALLAS
FLEMINGTON
NASHVILLE
NEW YORK
ORANGE COUNTY
PHILADELPHIA
WASHINGTON, DC

MauriceWutscher.com

January 28, 2021

**VIA Email**

Craig B. Sanders, Esq.
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530

> **Re:**  ***Hernandez v. Oliphant Financial, LLC, et al.,***
> **Case No.: 8:20-cv-00873-WFJ-TGW (U.S.D.C. M.D. Fla.)**

Dear Mr. Sanders:

The undersigned's firm represents defendants Oliphant Financial, LLC ("Oliphant") and Accelerated Inventory Management, LLC ("Accelerated") (collectively the "Defendants") in the above captioned matter. This letter shall serve as Defendants' demand pursuant to Federal Rule of Civil Procedure 11, Florida Statute § 57.105 and 15 U.S.C. § 1692k(a)(3) for the plaintiff to dismiss her action with prejudice or be subject to sanctions as well as the Defendants' reasonable attorney's fees. For the reasons explained below, not only do the plaintiff's allegations fail to state a claim but also the complaint makes clear that plaintiff lacks Article III standing to pursue her claims.

Initially, plaintiff's allegations and theory of liability found in the Complaint (Doc No. 1) are baseless and lacking any factual or legal support. To summarize, plaintiff alleges that a demand letter sent by Oliphant on behalf of Accelerated ("Demand Letter", Doc No. 1-1") was false and misleading in violation of § 1692e for reflecting that plaintiff owes a debt to Accelerated when plaintiff claims she never contracted with Accelerated for any extension of credit. Thus, plaintiff alleges, the debt sought is not owed in the amount and to the current creditor as reflected in the Demand Letter. For this same reason, plaintiff alleges the Demand Letter also violates § 1692g. However, contrary to plaintiff's claims, the Demand Letter does not suggest that plaintiff contracted for credit with Accelerated. Instead the Demand Letter reflects, quite clearly, that Accelerated is the current creditor of a debt, initially owed and incurred to WebBank, which was sold to Accelerated. Indeed, that such claims fail should be no surprise to plaintiff's counsel who has unsuccessfully pursued identical claims before. *See, e.g. Greifman v. Cawley & Bergmann, LLC,* No. 18-cv-08784 (NSR), 2019 U.S. Dist. LEXIS 60797 (S.D.N.Y. Apr. 9, 2019).

**MauriceWutscher**

January 28, 2021
Page 2

In *Greifman*, the Court considered identical claims that a letter was misleading for seeking to collect upon a debt on behalf of an entity which plaintiff denied having contracted with for credit. Rejecting these claims, the Court noted, as is the case here, that the letter in issue did not make any representation that the debt owed was the result of a contract with the current creditor but rather reflected that the current creditor was the assignee of the account's originator, with whom the letter suggested the plaintiff had contracted with for credit. In granting a motion to dismiss the claims with prejudice, the Court stated "[t]hough Plaintiff is correct that the letter indicates that the Defendant is attempting to collect a debt and identifies JH Portfolio Debt Equities, LLC as the debtor, the document clearly and unambiguously also identifies the original debtor as 'Citibank N.A./Citi Simplicity Card.' Nowhere in the debt collection letter does it state or can it be interpreted to suggest that Plaintiff contracted with, borrowed monies from or incurred an original debt from JH Portfolio Debt Equities, LLC." *Greifman v. Cawley & Bergmann, LLC*, 2019 U.S. Dist. LEXIS 60797, at *7. Here, similarly, there is no ambiguity in the Demand Letter which clearly states that "Accelerated Inventory Management, LLC has purchased and now owns the above referenced account" and identifies WebBank as the original creditor of the debt. There is no suggestion that the debt is a result of any transaction or business relationship between plaintiff and Accelerated. Like in *Griefman*, these claims fail and should be dismissed.

Furthermore, the plaintiff's Complaint makes clear that she lacks Article III standing. To secure standing, the plaintiff must allege that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 194 L. Ed. 2d 635, 643, 136 S. Ct. 1540, 84 U.S.L.W. 4263 (2016). Even if the plaintiff could allege Defendants engaged in an action prohibited by the FDCPA – and she cannot – her claims still fail because the Complaint does not allege an "injury in fact" necessary to confer Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559, 112 S. Ct. 2130, 2136 (1992). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 194 L. Ed. 2d at 644. (citations omitted). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.*

Specifically, the plaintiff fails to allege that the Demand Letter misled her or caused her confusion regarding her rights under the FDCPA. Nowhere in the Complaint does the plaintiff identify any injury because of having received the Demand Letter; she does not allege that because of the letter she was unable to understand her rights, that she was unable to identify the debt in issue, that she took any action or failed to act to her detriment or that she otherwise suffered any adverse consequences as a result of the letter. Instead, the only potential injury the Complaint alleges in certain instances is a speculative harm to a hypothetical "least sophisticated consumer". However, a party does not acquire standing by alleging a violation of the FDCPA that "misled a hypothetical unsophisticated debtor." *Trichell v. Midland Credit Mgmt.*, 964 F.3d 990, 1002 (11th Cir. 2020). In *Trichell*, the Eleventh Circuit considered Article III standing in relation to a demand letter which allegedly failed to advise its recipient that making a payment on the time-barred debt in issue may restart the statute of limitations. However, as the Court noted, while the plaintiffs alleged that the letter in issue "created a risk that unsophisticated consumers

**MauriceWutscher**

January 28, 2021
Page 3

might be misled into making unnecessary or even harmful payments on time-barred debt" the plaintiffs themselves, "d[id] not allege that the collection letters posed any risk of harm to themselves." *Trichell v. Midland Credit Mgmt*., 964 F.3d 990, 1000. In this regard, the Court held that "a statutory violation that poses a risk of concrete harm to consumers in general, but not to the individual plaintiff, cannot fairly be described as causing a particularized injury to the plaintiff." *Id.,* at 1002. Similarly, here the plaintiff fails to identify any actual harm she suffered as a result of the Demand Letter and the Complaint is subject to dismissal.

Finally, plaintiff also lacked standing to bring and prosecute this action at the time it was filed as the claims reflected in the Complaint were property of plaintiff's bankruptcy estate. A bankruptcy "estate" is created when a bankruptcy petition is filed," and encompasses "all legal or equitable interest of the debtor in property as of the commencement of the case." *11 U.S.C. § 541(a), (a)(1)*. As such, "a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." *Parker v. Wendy's Int'l, Inc*., 365 F.3d 1268, 1272 (11th Cir. 2004). After an asset becomes part of the bankruptcy estate, all interest in such asset held by the debtor in is extinguished unless the asset is later abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code. *See 11 U.S.C. § 554(a)-(c)*. When the bankruptcy proceeding is closed, any property of the estate properly scheduled under 11 U.S.C. § 521(a)(1) that was not specifically abandoned and that was not administered during the bankruptcy is abandoned to the debtor. *11 U.S.C. § 554(c)*.

Here, plaintiff filed her bankruptcy petition on December 31, 2019. and failed to identify the pre-petition[1] claims against Defendants in her schedules or amend her schedules at any time. The trustee claimed the estate had no assets on February 13, 2020. Thereafter, the instant action was filed on April 15, 2020, the same date of plaintiff's bankruptcy discharge. As such, at the time the Complaint was filed, the plaintiff's instant claims were property of the bankruptcy estate and because the claims were never properly scheduled pursuant to § 521 they could never have been abandoned by the trustee as a matter of law. Plaintiff thus lacks standing to pursue the action and the action must be dismissed.

Plaintiff's counsel is not only aware that the Complaint's claims lack merit based upon prior experience but also that the plaintiff lacks standing to pursue her claims pursuant to both Article III and by operation the Bankruptcy Code. Likewise, plaintiff herself is also aware of the Complaint's deficiencies as well as her own inability to pursue the instant claims. Defendants are prepared to move for sanctions against both plaintiff and her counsel pursuant to Federal Rule of Civil Procedure 11 and Florida Statute § 57.105(1) for the reasons as outlined above. Additionally, should the matter require further litigation, in the event that the Defendants are successful in their defense they will seek from plaintiff and her counsel their reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Florida Statute § 57.105. While 15 U.S.C. § 1692k(a)(3) requires a demonstration of "bad faith", Florida Statute § 57.105(1)

---

[1] The Demand Letter, upon which all claims are based, is dated December 31, 2019. *See, e.g. Zenon v. Palisades Collection, LLC*, No. 8:07-cv-2198-T-30MAP, 2008 U.S. Dist. LEXIS 13072, at *2 (M.D. Fla. Feb. 21, 2008) ("The limitations period begins to run on an FDCPA claim on the date of an alleged violation, not on the date it was discovered.")

**Maurice**Wutscher

January 28, 2021
Page 4

requires only that Plaintiff's claims lack support from material facts or then-existing law. Furthermore, Florida Statute § 57.105(7) permits the Defendants to recover their attorney's fees to the extent provided for by the underlying contractual agreement which forms the basis of the Plaintiff's debt. *See, e.g., BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 955 F.2d 1467, 1478 n.11 (11th Cir. 1992) ("Attorney's fees pursuant to Florida Statute § 57.105 may be awarded to the prevailing party in a suit brought in federal court").

The Defendants demand that Plaintiff dismiss her action with prejudice. Should a dismissal not be sought by Plaintiff by Thursday, February 4, 2021, the Defendants will serve the required motions pursuant to Federal Rule of Civil Procedure 11 and Florida Statute § 57.105(1) upon Plaintiff.

The Defendants await the Plaintiff's response.  Thank you for your consideration and please do not hesitate to contact our office if you have any questions.

Sincerely,

Christopher P. Hahn