**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ISABEL HERNANDEZ,                                    No.: 8:20-cv-00873-WFJ-TGW

      Plaintiff,

v.

OLIPHANT FINANCIAL, LLC, and,
ACCELERATED INVENTORY
MANAGEMENT, LLC,

      Defendants.

_____/

**DEFENDANTS', OLIPHANT FINANCIAL, LLC AND ACCELERATED INVENTORY MANAGEMENT, LLC, MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING THE DEFENDANTS' MOTION ATTORNEYS' FEES AND EXPENSES AND MEMORANDUM OF LAW IN SUPPORT**

Defendants, Oliphant Financial, LLC ("Oliphant") and Accelerated Inventory Management, LLC ("Accelerated") (collectively the "Defendants") by and through their counsel, Maurice Wutscher, LLP, respectfully submit this Motion for Reconsideration of the Court's Order Denying Defendants' Motion for Attorneys' Fees and Expenses and Memorandum of Law in Support.

**PROCEDURAL HISTORY**

Relevant to the instant motion, on or about July 2, 2021, the Defendants served the Plaintiff with their motion for sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") and Florida Stat. § 57.105 ("57.105") as it relates to Plaintiff's claims as advanced in her Amended Complaint and the Opposition to MSJ ("Motion for Sanctions"; *ECF No. 49*). *See, ECF 49,* p. 19.  The Motion for

1

Sanctions was subsequently filed on July 26, 2021, pursuant to the 21 day safe harbor period found both in Rule 11 and 57.105. *See, ECF 49*. Next, on August 30, 2021, the Defendants filed their motion for attorneys' fees and costs, consistent with the Court's Orders, *ECF Nos. 51, 55*, and Local Rule 7.01, pursuant to the judgment entered in their favor and as they are entitled to pursuant the FDCPA, FCCPA, 28 U.S.C. § 1927, Rule 11 and 57.105 ("Motion for Fees", *ECF No. 57*). Thereafter, on September 20, 2021, the Plaintiff filed her opposition ("Opposition", *ECF No. 58*).

On September 27, 2021, the Court issued its order on Defendant's Motion for Fees, denying same and providing as its opinion and order the following:

> The Court reluctantly exercises its discretion to deny the sanctions motion. The Court does not find dishonesty, or unprofessional behavior, notwithstanding the legally untenable position of Plaintiff that there was no debt because she did not recognize the debt holder. Dishonesty or unprofessional behavior is not the standard for Fed. R. Civ P. 11 or Fla. Stats. 57.105 sanctions, of course, but the emptiness of Plaintiff's argument might not have been entirely clear to her attorney at the time this suit was filed and drafted. The matter is a close one, however, and close calls in this context probably should be exercised in favor of lenity; although this lenity is not due to any merit in the position pressed by Plaintiff and her counsel.

("Order Denying Fees", *ECF No.* 62).

Defendants now move for reconsideration of the Order Denying Fees, specifically as it relates to Defendants' request for costs which they are entitled to as a matter of law pursuant to Fed. R. Civ. P. 54, as well as to the extent that the Court did not consider whether fees are appropriate pursuant to the FDCPA, FCCPA AND 28 U.S.C. § 1927as the Order Denying Fees was silent on those

statutes.

## ARGUMENT

### I.   STANDARD OF REVIEW

The decision to grant a motion for reconsideration is within the sound discretion of the trial court, *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993), and courts have delineated three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice," *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citation omitted). Additionally, appropriate circumstances for reconsideration include situations in which "the Court has obviously misapprehended a party's position, or the facts, or mistakenly has decided an issue not presented for determination." *United States v. Halifax Hosp. Med. Ctr.*, 2013 U.S. Dist. LEXIS 170972, 2013 WL 6284765, *1 (M.D. Fla. Dec. 4, 2013).

*Skypoint Advisors, LLC v. 3 Amigos Prods. LLC*, No. 2:18-cv-356-FtM-29MRM, 2019 U.S. Dist. LEXIS 161566, at *5-6 (M.D. Fla. Sep. 23, 2019).

### II.   THE DEFENDANTS ARE ENTITLED TO THEIR COSTS

Initially, Defendants seek reconsideration of their request for costs made in their Motion for Fees to correct clear error and which if not reconsidered by this Court would be a manifest injustice. Pursuant to Federal Rule of Civil Procedure 54(d)(1), as well as the FDCPA § 1692k(a)(3)[1], as the prevailing party the Defendants are entitled to recover their costs from the Plaintiff. Here, as reflected in the Motion for Fees the Defendants incurred costs of $250.00 related to the

---

[1] Pursuant to § 1692k(a)(3) which permits the court to award fees and costs to a defendant, "[a] district court may award costs to prevailing defendants in FDCPA cases without finding that the plaintiff brought the case in bad faith and for the purpose of harassment." *Marx v. Gen. Rev. Corp.*, 568 U.S. 371, 374, 133 S. Ct. 1166, 1171 (2013).

Court ordered mediation, $1,469.75 in taking Plaintiff's deposition and $300.00 incurred when Plaintiff's deposition had to be cancelled due to Plaintiff's last-minute unavailability and request to postpone her deposition. *ECF No. 57-2, ¶ 70.* The Firm has paid these costs on behalf of the Defendants and, in turn, has billed the Defendants for reimbursement for such costs. *Id.,* at ¶ 71. As such, as the prevailing party, the Defendants are entitled to an award for their costs in the amount of $2,019.75 as a matter of law.

The Court's Order Denying Fees was silent on Defendants' request for costs, and it is presumed that this request was simply overlooked. Furthermore, in Plaintiff's Opposition she makes no challenge to the Defendants' request for costs, or the amount sought therein. *See, Opposition.* As such, the Court should reconsider its Order Denying Fees and award Defendants their costs as requested.

## III.   THE COURT'S ORDER IS SILENT AS TO FEES AWARDABLE PURSUANT TO THE FDCPA, FCCPA AND 28 U.S.C. § 1927

The Court's Order Denying Fees speaks only to the relief requested by Defendants pursuant to Fed. R. Civ. P. 11 and Fla. Stat. §57.105. *See, Order Denying Fees.* Specifically, the Defendants sought as sanctions pursuant to those statutes to be awarded their reasonable attorney's fees, but these statutes were only one of several bases upon which the Defendants sought fees. The Defendants also moved for their fees pursuant to the FDCPA, FCCPA and 28 U.S.C. § 1927. *See Motion for Fees*, § I, A through C.

4

To the extent that the Court did not consider the Defendants' request for fees pursuant to the FDCPA, FCCPA and 28 U.S.C. § 1927 in issuing its Order Denying Fees, Defendants respectfully request reconsideration of the Court's order in this regard to prevent manifest injustice resulting from the Defendants not having received the Court's consideration on these portions of their Motion for Fees.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants, Oliphant Financial, LLC and Accelerated Inventory Management, LLC respectfully request that this Court reconsider its Order Denying Fees.

Date: October 12, 2021              Respectfully submitted,

**ACCELERATED INVENTORY MANAGEMENT, LLC AND OLIPHANT FINANCIAL, LLC,**

*s/ Shannon Miller*
Shannon Miller, Esq. (*Pro Hac Vice*)
Maurice Wutscher, LLP
Attorneys for Defendants
10 W. Front Street
Media, PA 19063
smiller@mauricewutscher.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct of the foregoing was served on this date upon all parties via ECF.

> */s/ Shannon Miller*
> Shannon Miller

Date: October 12, 2021