## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Isabel Hernandez,

      Plaintiff,

      v.                    Case No: 8:20-00873-WFJ-TGW

Oliphant Financial, LLC and Accelerated
Inventory Management, LLC,

      Defendants.

-----------------------------------------------/

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
### DEFENDANTS' MOTION FOR RECONSIDERATION

Plaintiff Isabel Hernandez ("*Plaintiff*") hereby submits the instant memorandum in opposition to the motion of Defendants Oliphant Financial, LLC ("*Oliphant*") and Accelerated Inventory Management, LLC ("*Accelerated*") (collectively, "*Defendants*") which seeks reconsideration of the Court's Order which denied Defendants' motion for sanctions, attorneys' fees and expenses. *Dkt. No.* 62.

## I.    INTRODUCTION

Defendants' motion for reconsideration should be denied insofar as it does nothing more than re-urge arguments already made, considered, and rejected. As this is not a proper basis upon which reconsideration can be sought, Defendants' motion should be denied.

1

## II.   ARGUMENT

As an initial matter, it is noted that the term "motion for reconsideration", as such, does not appear in the Federal Rules of Civil Procedure. *Commodity Futures Trading Comm'n v. Amerman*, No. 1:07-CV-2280-WBH, 2013 WL 12099407, at *1 (N.D. Ga. Dec. 2, 2013).  Instead, most such motions are considered to arise under Fed. R. Civ. Pro. 60(b).  *Id.*  As such, given that Defendants have not cited the Rule under which they seek the present relief, for purposes of this opposition, Plaintiff will presume that the relief—as described—arises under Rule 60(b).

Defendants posit that the decision to grant a motion for reconsideration is committed to the District Court. *Dkt. No.* 63 at p. 3 (citing *Skypoint Advisors, LLC v. 3 Amigos Prods. LLC*, No. 2:18-cv-356-FtM-29MRM, 2019 U.S. Dist. LEXIS 161566, at *5-6 (M.D. Fla. Sep. 23, 2019)).  While this is not an inaccurate statement, it ignores Eleventh Circuit precedent which provides that a motion for reconsideration asks the Court for "extraordinary relief" and is to be used sparingly. *Enwonwu v. Trans Union, LLC*, 164 F. App'x 914, 919 (11th Cir. 2006) (citing *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000) ("[f]ederal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances"); see also *Havana Docks Corp. v. MSC Cruises SA Co.*, 455 F. Supp. 3d 1355, 1363 (S.D. Fla. 2020) (citing *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) ("reconsideration of a previous order is an extraordinary

2

remedy to be employed sparingly")).

Further to this point, a party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Simply, a motion for reconsideration "is not an opportunity for the moving party ... to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008).

In this case, Defendants' motion does not cite to any remarkable circumstances that would justify invocation of the extraordinary relief they seek. To the contrary, Defendants' motion, based on a "presumption" that the Court purportedly overlooked arguments made in their motion for fees (*Dkt. No.* 63 at p. 4) appears to do nothing more than argue that the court "could have done it better the first time."

In addition to not providing any extraordinary circumstances warranting reconsideration, Defendants' motion also overlooks that the Court undertook a detailed analysis of the submissions by both parties. This is borne out of the fact that the Court issued an Order within one day of its receipt of Plaintiff's opposition to the motion directing Plaintiff to submit additional briefing as to certain

specifically identified statements (and/or arguments) set forth in her opposition (*Dkt. No.* 59), the record shows that the Court considered the arguments advanced by both parties.   The Court would not have been able to identify by page and verse the specific statements on which it sought clarification had it not carefully parsed the brief <u>and</u> compared it to the record.

Further, the resulting decision on the motion reflects that the Court properly considered all arguments before it.   More specifically, while the Court expressed its opinion that Defendants' motion presented a "close call," it did not err in exercising its discretion in finding that "close calls in this context probably should be exercised in favor of lenity."   *Dkt. No.* 62.

At the end of the day, Defendants' motion also does nothing more than advance arguments already made, based upon nothing more than pure speculation that the Court did not properly consider the record before it.   As was noted above, the record reflects that the Court considered the entirety of the parties' arguments and, even if it did not, a motion for reconsideration is not intended to give Defendants a platform to re-urge arguments already made, or, to attempt to convince the Court that it "could have done better."   Rather, the motion should be reserved for the most limited of situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice.   *Preserve Endangered Areas of Cobb's History. Inc. v.*

4

*United States Army Corps of Engineers*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).

No such circumstances are extant here.

## CONCLUSION

For all the reasons set forth herein, it is respectfully submitted that cause exists to deny Defendants' motion for reconsideration in its entirety, together with such other and further relief as this Court deems just, appropriate and proper.

Dated:        October 20, 2021

Respectfully submitted,

**BARSHAY SANDERS, PLLC**

By:    *Craig B. Sanders, Esq.*
Craig B. Sanders (Fla Bar 0985686)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
csanders@barshaysanders.com
*Attorneys for Plaintiff*

5